1  RICHARD A. HALL (SBN 135483)
   **BOTTOMLINE LAWYERS**
2  985 Lincoln Way, Suite 206
   Auburn, California 95601
3  Telephone: (530) 888-7100
   Facsimile: (866) 305-1238
4

5  Attorneys for Plaintiffs
   DANIEL MAJOR EDSTROM, an individual;
6  and TERI ANNE EDSTROM, an individual

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  DANIEL MAJOR EDSTROM, an          )   Case No. 2:2010-CV-00105
    individual; and TERI ANNE         )
12  EDSTROM, an individual,           )   Plaintiff's Motion and Notice of
                                       )   Motion For Leave To File Second Amended
13          Plaintiffs,               )   Complaint
                                       )
14  v.                                )   Date: December 3, 2010
                                       )   Time: 10 a.m.
15  NDEX WEST, LLC, a Delaware limited )   Dept: 2
    liability company; AMERICA'S      )
16  SERVICING COMPANY, an entity      )
    form unknown; MORTGAGE            )
17  ELECTRONIC REGISTRATION           )
    SYSTEMS (MERS); and DOES 1-       )
18  10,000,                           )
                                       )
19          Defendants.               )
    _____)

20

21      NOTICE IS HEREBY GIVEN that on December 3, 2010, at 10 a.m., or as soon thereafter

22  as the matter may be heard, in  courtroom 2 of the above-entitled court, located at 501- I Street,

23  Sacramento, California, the Honorable Frank C. Damrell, Jr., presiding, the Edstroms will move,

24  under rule 15(a)(2) of the Federal Rules of Civil Procedure, for an order allowing leave to file a

25  second amended complaint on the ground that justice so requires leave to amend.

26  / / / /

27  / / / /

28  / / / /

The motion is made and based upon this motion and notice of motion, the accompanying memorandum of points and authorities, the declaration of Richard A. Hall, and upon such oral and other documentary evidence as may be presented up to and at the time of hearing.

Dated: September 24, 2010.

BOTTOMLINE LAWYERS

By:     /s/ Richard A. Hall
        Richard A. Hall
        Attorneys for Plaintiffs

## Memorandum of Law

### Introduction

The Edstroms seek leave of court to file a second amended complaint to add new parties and to address the statute of limitations defense that forms the crux of the motion to dismiss filed by defendants ASC and MERS.

### Procedural Background

The Edstroms originally filed this action in state court, on December 14, 2009, in El Dorado County. But before the Edstroms effected service of the lawsuit, defendant ASC removed the action to this court, on January 13, 2010. Later, on March 5, 2010, the Edstroms filed and recorded a lis pendens. And, after that, on March 15, 2010, ASC and the Edstroms filed a joint status report . But no order resulted from that filing.

On May 12, 2010, prior to expiration of the 120-day deadline within which to serve this action, the Edstroms sought additional time from this Court to serve the lawsuit, which waas granted. In the meantime, on June 5, 2010, the Edstroms filed another action, in El Dorado County that omitted the federal causes of action (case no. 2010-01397). But because the Edstroms inadvertently failed to omit one of the federal claims, defendant ASC once again removed the state court action to this court, on June 7, 2010 (case no. 2010-01397). The following day, on June 8, 2010, the Edstroms filed their first amended complaint in this action withdrawing all of the state claims that had originally been pled in the complaint filed in state court (on December 14, 2009), and two days later, on June 10, voluntarily dismissed the action

1   that had been removed a second time to this court (case no. 2010-01397).

2       Once the first amended complaint was filed in this action, on June 8, the Edstroms sought

3   further additional time within which to serve the first amended complaint, which was also

4   granted. The Edstroms thereafter, in or about June 16, 2010, hand served the first amended

5   complaint, in this action, on each of the defendants,  ASC, MERS, and Ndex West. On July 9,

6   2010, defendant MERS appeared for the first time, in this action, along with ASC, and jointly

7   filed a motion to dismiss the first amended complaint, solely on statute of limitations grounds.[1]

8   That motion is pending before the court.[2]

9       In the meantime, because the Edstrom residence had been scheduled for an imminent

10   foreclosure sale, they sought injunctive and declaratory relief in El Dorado County Superior

11   Court, with the filing of a third state court action, on June 10, 2010.[3] The El Dorado County

12   Superior Court granted the temporary restraining order (halting foreclosure of plaintiffs' home),

13   and later, on August 5, heard argument on the request for preliminary injunction, as well  on the

14   Edstroms' declaratory relief cause of action. The Court took the matter under submission and has

15   yet to rule on injunctive relief and declaratory relief. All the while, the temporary restraining

16   order remains in place.

17       The defendants named in the most recent state court action are the same three defendants

18   named in this action (ASC, MERS and NDex West) as well as the following: Wells Fargo Bank,

19   N.A.; U.S. Bank National Association; Residential Funding Company LLC; Residential Capital

20   LLC (erroneously sued as GMAC Rescap); Ally Financial, Inc. (Erroneously sued as GMAC

21   LLC); Ally Bank; Residential Asset Securities Corporation; RASC Series 2006-EMX4 Trust;

22   First Priority Financial, Inc., and Brent Stagg, an individual. All of these defendants have been

24     [1]Counsel for Ndex West in other litigation was informed, by counsel for the Edstroms, that Ndex
25 West is in default, and that entry of default will be requested unless Ndex gets a responsive pleading on file.

26     [2] Filed concurrently with this motion is the Edstroms' opposition to the motion to dismiss, which
27 in part notifies the Court that a concurrent motion for leave to file a second amended complaint has been filed.

28     [3]This time, the Edstroms were careful to omit all federal causes of action to maintain state court jurisdiction.

1  served, and except for U.S. Bank, have filed either a demurrer or a motion to strike. Hearings on

2  those are in November and January. As stated above, to maintain state court jurisdiction, the state

3  court action omits all federal causes of action

**Argument**

4  **1.  Leave to file the second amended complaint to avoid the statute of limitations**

5      **defense should be granted.**

6          The rules require that leave to file an amended pleading shall be freely given when justice

7  so requires.[4] Federal policy strongly favors determination of cases on their merits. The role of

8  pleadings is limited, and leave to amend the pleadings is freely given, unless the opposing party

9  makes a showing of undue prejudice, or bad faith, or dilatory motive on the part of the moving

10  party.[5] Further, the circumstances under which denial of leave to amend are limited.[6] Also, there

11  is no time limit for amendment under Federal Rules of Civil Procedure, rule 15.

12          First, no previous attempts have been made to cure the deficiency of the statue of

13  limitations defense, and it is not clear that the proposed second amended complaint will not

14  correct the deficiency of the statute of limitations defense. Secondly, leave to amend may be

15  sought at any stage of the litigation, subject to some limitations. And, most importantly,

16  ordinarily, courts do not consider the validity of a proposed amended pleading in deciding

17  whether to grant leave to amend. Challenges to the pleading are usually deferred until after leave

18  to amend is granted and the amended pleading filed.[7] Only if leave will be futile is leave to

19  amend properly denied.

20          Also, no rule 26 conference has been held (and thus no discovery has been conducted),

21  and no responsive pleadings, under the federal rules, has been filed by any of the defendants.

---

[4] F.R.C.P. 15(a).

[5] <u>Foman v. Davis</u> (1962) 371 U.S. 178, 182; <u>Film Tec Corp. v. Hydranautics</u> (Fed. Cir. 1995) 67 F.3d 931, 935-936; <u>Martinez v. Newport Beach City</u> (9th Cir. 1997) 125 F.3d 777, 785.

[6] <u>Ynclan v. Department of Air Force</u> (5th Cir. 1991) 943 F.2d 1388, 1391.

[7] Getters S.p.A. v. Aeronex, Inc. (S.D. Cal. 2002) 210 F.Supp.2d 1081, 1086 (citing text); Netbula, LLC v. Distinct Corp. (N.D. Cal. 2003) 212 F.R.D. 534, 549 (citing text).

Thus under the circumstances, leave to file the second amended complaint should be granted.

**2.     No prejudice to the parties will result from the amendment to add new parties and new or different operative facts.**

Prejudice is the touchstone of the inquiry under rule 15(a).[8] The Edstroms seek to add new parties to the second amended complaint and new or different operative facts, including those establishing that the applicable one-year statute of limitations may have been tolled (and if proven will be a complete defense to the statue of limitations bar). Declaration of Richard A. Hall, filed concurrently herewith, para. 2; and exhibit attached thereto, [proposed] second amended complaint.[9] The new parties whom the Edstroms seek to add are those sued in the state court action, who were served in June 2010. And all of those parties (except for U.S. Bank) have either demurred or moved to strike the complaint.[10]  Hall decl., para. 3. Thus those defendants have had notice of the Edstroms' claims, at least with respect to the actions complained of as against each of them, for at least three months now. The state court action is clearly in its genesis, and no meaningful discovery has occurred.

Further, the actions complained of against the defendants, in the state court action, are generally speaking those that form the violations of the federal causes of action (in the proposed second amended complaint). Hall decl., para. 4. Thus, no prejudice will result from adding the additional new parties. Also, if any prejudice does exist, the prejudice must be substantial to deny leave to amend.[11]

---

[8]Eminence Capital, LLC v. Aspeon, Inc. (9th Cir. 2003) 316 F.3d 1048, 19052 (internal quotes omitted); Lone Star Ladies Invest. Club v. Schlotzsky's Inc. (5tyh Cir. 2001) 2378 F.3d 363, 368; Missouri Housing Develop. Comm'n v. Brice (8th Cir. 1990) 919 F.2d 1306, 1316.

[9]Counsel for ASC and MERS graciously extended the time within which the [proposed] second amended complaint must be filed, along with the declaration of Richard A. Hall, to Thursday, September 30, 2010.

[10] Hearings are scheduled for November and January 2011.

[11]Morongo Band of Mission Indians v. Rose (9th Cir. 1990) 893 F.2d 1074, 1079–showing of substantial prejudice and other relevant factors required; see also Bell v. Allstate Life ins. Co. (8th Cir. 1998) 160 F.3d 452, 454–"Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment".

1      Here, if leave is not granted to file the second amended complaint to add new parties and

2 new or different operative facts to establish a defense to the statue of limitations bar, the

3 Edstroms will forever be forestalled from asserting claims (and collecting damages) based on

4 lender and/or assignee liability for violation of the federal causes of action, inasmuch as the

5 original lender (Mortgage Lenders Network) is now and has been in bankruptcy from late

6 January or early February 2007.

7      Absent prejudice, or a strong showing of any of the remaining reasons for denying leave

8 to amend (discussed below), "there exists a ***presumption*** under rule 15(a) in favor of granting

9 leave to amend."[12]

10 **3.    The amendment at this stage is not being interposed to delay the action.**

11      The Edstroms seek to add new parties against whom the current causes of action for

12 violation of federal law may be asserted. Those federal statutes number only three–the

13 amendment is not being sought to delay this action.

14 **4.    No case management scheduling order has been entered, leave is not sought to**

15        **defeat this Court's jursidiction, and no previous requests for amendment have been**

16        **made.**

17      If a case management scheduling order has been entered setting a deadline for amending

18 the pleadings, the liberal policy of amending pleadings may not apply.[13] As stated above, no case

19 management scheduling order was entered as a result of the joint status report filed by ASC and

20 the Edstroms. So this is no impediment to the Edstroms' request for leave to file a second

21 amended complaint. And the Edstroms are not seeking amendment to defeat this Court's

22 jurisdiction. Federal jurisdiction for violation of the federal claims is not disputed by any of the

23 parties. Also, the Edstroms have made no previous requests for leave to file an amended

24 pleading.[14]

25

26      [12]Eminence Capital, supra, 316 F.3d at 1052 (emphasis in original).

27      [13]Coleman v. Quaker Oats Co. (9th Cir. 2000) 2323 F.3d 1271, 1294.

28      [14] In fact, the original complaint was amended, as a matter of right, for the sole purpose of omitting the state law claims. And that was done, expeditiously, to allow the Edstroms to adjudicate their

1

**Conclusion**

2      Leave to file amended pleadings is freely granted, so long as there is no prejudice to the

3 parties, and none of the other circumstances is present (such as to delay the lawsuit, defeat

4 jurisdiction, scheduling order, etc.) for denying the requested relief. Further, the Edstroms

5 amended as of right to omit all state law claims. They should be permitted to refine the federal

6 claims that remain. Thus the Edstroms respectively request the Court grant the requested relief.

7 Dated: September 24, 2010.

BOTTOMLINE LAWYERS

8

9

10          By:    /s/ RICHARD A.  HALL
                   RICHARD A. HALL
11                 Attorneys for Plaintiffs
                   Daniel Major Edstrom and Teri Anne Edstrom
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
_____

28

state claims in a newly filed state court action.

## CERTIFICATE OF SERVICE

I am employed in the County of Placer, State of California. I am over the age of 18 and not a party to the within action. My business address is 985 Lincoln Way, Auburn, California 95603. On September 24, 2010,  I served the following parties with copies of the following:

"Plaintiffs' Motion and Notice of Motion for Leave To File Second Amended Complaint"

By ECM/ECF transmission through the Court's approved electronic filing system to:

**Attorneys for Defendants**
**America's Servicing Company, a division of Wells Fargo Bank, N.A., and**
**Mortgage Electronic Registration Systems, Inc.**
Christopher A. Carr
(Ccarr@afrct.com)

I also sent a copy to Judge Damrell, at FCDorders@caed.uscourts.gov.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Executed on September 24, 2010, at Auburn, California.

/s/ Richard A. Hall
Richard A. Hall