EDWARD A. TREDER
State Bar No. 116307
THOMAS K. AGAWA
State Bar No. 175952
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
Tel:  (626) 371-7032
Email: ThomasA@BDFGroup.com

Attorneys for Defendant NDEX WEST, LLC

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| DANIEL MAJOR EDSTROM, an individual, and TERI ANNE EDSTROM, an individual,<br><br>             Plaintiffs,<br><br>      v.<br><br>NDEX WEST, LLC, a Delaware limited liability company; AMERICA'S SERVICING COMPANY, an entity form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); and DOES 1-10,000,<br><br>             Defendants. | CASE NO.:  2:10-cv-00105 FCD KJM<br><br>**DEFENDANT NDEX WEST, LLC'S ANSWER TO PLAINTIFFS' 2ND AMENDED COMPLAINT**<br><br>Courtroom:   2<br>Hon. Frank C. Damrell, Jr.<br>501 "I" Street, Sacramento, CA 95814<br>T: (916) 930-4000 (General) |

Defendant NDEX WEST, LLC, a Delaware limited liability company ("Defendant"), for itself alone and for no other defendant, answers plaintiffs DANIEL MAJOR EDSTROM's & TERI ANNE EDSTROM's, as individuals (collectively "Plaintiffs") second amended complaint ("Complaint") as follows:

# I.

# **GENERAL DENIAL.**

Pursuant to Fed. R. Civ. P. 8(b) (3), Defendant, in good faith, generally denies each and every allegation of the Complaint, as it pertains to it, and denies generally and specifically that the Plaintiffs have been damaged in the sum or sums alleged, or in any other sum, or at all and/or are entitled to interfere with the lawfully conducted foreclosure, as a result of the acts and/or omissions of Defendant, as alleged in the 2nd Amended Complaint.

# II.

# **AFFIRMATIVE DEFENSES.**

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The causes of action alleged in the 2nd Amended Complaint are barred in whole, or in part, by Plaintiffs' failure to state facts sufficient to constitute a cause of action or causes of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

2. By the exercise of reasonable efforts, Plaintiffs could have mitigated the amount of damages allegedly sustained by them, including, but not limited to, paying the amount of the loan when due and in a timely fashion and/or otherwise not defaulting under the terms of the loan agreements and deed of trust.

### THIRD AFFIRMATIVE DEFENSE

(Waiver/Estoppel)

3.      Plaintiffs is/are estopped, by his/her/their word, conduct and/or written document, including but not limited to Plaintiffs' tacit acquiescence in the conduct and/or omissions forming the crux of their claims against Defendant, by, including, but not limited to, accepting the considerable benefits of the loan made to Plaintiffs and/or by continuing to occupy the real property forming the security for the loan without adequate payment therefore.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

4.      The causes of action alleged in the 2nd Amended Complaint are barred in whole, or in part, by the doctrine of laches, particularly as Plaintiffs knew, or should have known, of the salient misconduct constituting the foundation of his/her/their claims in or about 2005, yet, for reasons unknown, Plaintiffs knowingly, deliberately and intentionally, without reason rooted in conscience or logic, elected to take no action until years later, when many of the events, percipient witnesses and evidence had dissipated like dust in the wind.

### FIFTH AFFIRMATIVE DEFENSE

(Set-off/Off-set)

5.      The causes of action alleged in the 2nd Amended Complaint are subject to an offset of the aggregate of the outstanding amount due consisting of principal, interest and late charges, including, but not limited to, all attorneys' fees incurred in this action by the Defendants.

### SIXTH AFFIRMATIVE DEFENSE

(No Prejudice From Any Minor Procedural Defect)

6. Plaintiffs' claims for equitable relief are barred in their entirety because Plaintiffs suffered no prejudice for any minor procedural defect that may have occurred during the foreclosure process. Gross inadequacy of the sale price absent some procedural regularity that contributed to such inadequacy or that otherwise caused prejudicial injury to Plaintiffs is legally insufficient to set aside a completed non-judicial foreclosure sale of real property. Knapp v. Doherty, 123 Cal.App.4th 76, 20 Cal.Rptr.3d (Cal. Ct. App. 2004).

### SEVENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

7. Plaintiffs failed to exercise ordinary care in his/her/their own behalf with regard to the incident alleged in the 2nd Amended Complaint, in that, among other things, Plaintiffs knew or should have known about the attendant risks associated with incurring debt which he/she/they could not repay.

8. Any injuries or damages sustained by Plaintiffs as a result of the incidents referenced in the 2nd Amended Complaint were proximately caused by Plaintiffs' own negligence. Plaintiffs' recovery, if any, from this Defendant must be diminished in proportion to the amount of negligence attributable to Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

(Consent)

9. Plaintiffs consented to and approved all of the acts and omissions about which Plaintiffs now complain by, inter alia, executing the promissory note, loan agreement, deed of trust and other documents and agreements related to the loan and expressly agreeing to adherence to each term and condition contained therein.

### NINTH AFFIRMATIVE DEFENSE

(In Pari Delicto)

10. All parties herein (Defendant excluded), including the Plaintiffs, have unclean hands, invoking this Court's equitable powers to dismiss this action and not aid the parties to an illegal transaction because he/she/they are in pari delicto, and to leave the parties where the Court finds them, to settle their differences without its aid.

### TENTH AFFIRMATIVE DEFENSE

(Privileged)

11. Defendant's actions in a nonjudicial foreclosure (i.e., the mailing, publication, and delivery of statutory notices) and the execution of statutory nonjudicial foreclosure procedures are privileged under the qualified, common-interest privilege of Cal. Civ. Code § 47(c) (1).

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure To Tender)

12. All claims are barred because Plaintiffs have failed to plead that he/she/they tendered the undisputed amount. Since this relief is equitable in nature [Raedeke vs. Gibraltar Savings & Loan Assoc., 10 Cal. 3d 665, 671 (Cal. 1974)], Plaintiffs must plead that he/she/they either paid, or offered to pay, all undisputed sums due and owing as a condition precedent to each claim or cause of action arising from or related to the foreclosure sale. Karlsen vs. American Savings & Loan Assoc., 15 Cal. App.3d 112, 117 (Cal. Ct. App. 1971). "Equity will not interpose its remedial power in the accomplishment of what… would be nothing but an idly and expensively futile act." Leonard vs. Bank of America National Trust & Savings Assoc., 16 Cal. App. 2d 341, 344 (Cal. Ct. App. 1936).

## TWELFTH AFFIRMATIVE DEFENSE

(Reinstatement/Redemption Rights Foreclosed)

13.     Plaintiffs' claims for equitable relief are barred in their entirety because Plaintiffs' statutory right to reinstate the delinquent mortgage loan and/or to redeem his/her/their property have been foreclosed and extinguished under Cal. Civ. Code §§ 2903-2906; Moeller vs. Lien, 25 Cal. App. 4th 822, 830 (Cal. Ct. App. 1994).  There is no equitable right of redemption after completion of a non-judicial foreclosure sale.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Compliance with Cal. Civ. Code § 2924 et seq.)

14.     Plaintiffs' claims against this answering Defendant are barred in their entirety because the foreclosure proceedings were handled in accordance with the statutory procedures and requirements prescribed by California Civil Code Section 2924 et seq.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

15.     Plaintiffs' claims against this answering Defendant are barred by the applicable statutes of limitation, including, but not limited to Cal. Civ. Proc. Code §§ 338, 339, 343 and/or 15 U.S.C. § 1640(e); Pacific Shore Funding v. Lozo, 138 Cal. App. 4th 1342, 1355, 42 Cal. Rptr. 3d 283, 292 (Cal. Ct. App. 2006) (Truth-in-Lending Act) and/or other applicable laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Cal. Civ. Code § 2924l)

16.     Pursuant to Cal. Civ. Code § 2924l, defendant NDEx WEST, LLC ("NDEx"),  a Delaware corporation, served and filed its declaration of non-monetary status.  No objection was timely served within the 15-day objection period thereafter.  Plaintiff alleges that Defendant is an agent of NDEx.  On that basis although NDEx is subject to the jurisdiction of this Court, absent further court order, Defendant and NDEx are not subject to damage claims or required to make further appearances including having to respond as a

party to discovery.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

(Reservation of Right)

17. Defendant reserves the right to rely on any and all further affirmative defenses that become available or appear during discovery proceedings in this action, and Defendant reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defense.

**III.**

**<u>PRAYER FOR RELIEF.</u>**

WHEREFORE, Defendant prays for judgment against Plaintiffs on their 2nd Amended Complaint as follows:

<u>FOR ALL CAUSES OF ACTION</u>

1. That Plaintiffs take nothing by way of his/her/their 2nd Amended Complaint and that this action be dismissed against Defendant with prejudice;

2. For costs of suit incurred herein;

3. For reasonable attorneys' fees; and,

For such other and further relief as the court deems just and proper.

Dated: October 6, 2010                    BARRETT DAFFIN FRAPPIER
                                          TREDER & WEISS, LLP

                                          *[signature: Thomas K. Agawa]*

                                          By:
                                              EDWARD A. TREDER
                                              THOMAS K. AGAWA
                                              Attorneys for Defendant NDEx WEST, LLC

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Thomas K. Agawa, hereby certify that on October 6, 2010, a true and correct copy of **DEFENDANT NDEX WEST, LLC'S ANSWER TO PLAINTIFFS' 2ND AMENDED COMPLAINT** was filed electronically and is available for viewing and downloading from the ECF system.

Unless otherwise noted herein, the following parties are deemed to have consented to electronic service of documents filed through the ECF system:

| Plaintiffs' Lawyer | Attorneys for Defendant ASC & MERS |
|---|---|
| RICHARD A. HALL [SBN 135483] | Christopher A. Carr, Esq. |
| BOTTOMLINE LAWYERS | Yaw-Jiun Gene Wu, Esq. |
| 985 Lincoln Way, Suite 206 | ANGLIN FLEWELLING RASMUSSEN |
| Auburn, California 95601 | CAMPBELL AND TRYTTEN, LLP |
| Telephone: (530) 888-7100 | 199 South Los Robles Avenue, Suite 600 |
| Fax: (866) 305-1238 | Pasadena, CA 91101 |
| | T: (626) 535-1900 |
| | F: (626) 577-7764 |

Executed on October 6, 2010, at Diamond Bar, California.

I declare under penalty of perjury under the laws of the United States of California that the above is true and correct.

*Thomas K. Agawa* (signature)

Thomas K. Agawa, Esq.