UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANIEL MAJOR EDSTROM, and TERI ANNE EDSTROM,

      Plaintiffs,

  v.

NDEX WEST, LLC, AMERICA'S SERVICING COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, and DOES 1-10,000,

      Defendants.

CIV. NO. S-10-105 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on America's Servicing Company and Mortgage Electronic Registration's (collectively "defendants") motion to dismiss plaintiffs Daniel Edstrom and Teri Edstrom's (collectively "plaintiffs") first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6). Specifically, defendants contend that plaintiffs' claims pursuant to the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and Fair Debt Collection

Practices Act ("FDCPA") are time barred.[1]

In opposing the motion, plaintiffs ask that should the court grant defendants' motion to dismiss in any respect, the court give plaintiffs the opportunity to amend their complaint.[2] "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." Cal. Architectural Building Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). While leave to amend must be freely given, the court is not required to allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).[3]

For the reasons set forth below, defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

///

///

///

---

[1] In their opposition, plaintiffs withdraw their Home Ownership and Equity Protection Act claim and all their state law causes of action.

[2] Plaintiffs separately filed a motion for leave to amend, setting the matter for hearing on December 3, 2010 (Docket #27). Therein, plaintiffs seek leave to file a second amended complaint ("SAC") to allege facts establishing a basis for application of equitable tolling and to add new defendants. The court considers plaintiffs' motion herein to the extent it concerns the issue of equitable tolling because that issue relates to defendants' pending motion to dismiss; however, the court will defer ruling on whether plaintiffs should be permitted leave to add new defendants. The court will consider that issue in December.

[3] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

# BACKGROUND[4]

On or about September 7, 2005, plaintiffs financed and obtained a loan for $500,000. The terms of the loan were included in the promissory note, secured by a deed of trust on the property, which identified Mortgage Lenders Network USA, Inc. ("MLN") as the lender. (Defs.' Notice of Removal, filed Jan. 13, 2010 [Docket # 1] ["DNR"], Ex. A.) Mortgage Electronic Registration Systems, Inc. ("MERS") was named nominee and beneficiary. (Id. at Ex. B.) Plaintiffs used the loan proceeds to purchase a parcel of real property known as "3690 Brown Court, Cool, California, 95614" (the "Property"). (FAC, filed June 8, 2010 [Docket # 15], ¶ 9.) Eventually, plaintiffs went into default on their loan. American's Servicing Company ("ASC") is the contact agency on the Notice of Default. (DNR at Ex. B.)

Plaintiffs' first cause of action is for statutory violations of RESPA. Plaintiffs allege generally that defendants entered into a fraudulent scheme to extract illegal compensation from plaintiffs through an undisclosed yield spread premium ("YSP"). (FAC at ¶ 14-16.) Further, plaintiffs allege that a YSP equates to a kickback in violation of RESPA. (Id.)

Additionally, plaintiffs claim that they sent defendants a "debt validation" request in December 2007.[5] (Proposed SAC,

---

[4] The facts below are drawn from plaintiffs' FAC and proposed SAC. While the FAC is the operable pleading, the court has considered the allegations of the proposed SAC in order to ascertain whether defendants' motion should be granted with or without leave to amend.

[5] This assertion, if made in plaintiffs' FAC, is unintelligible. Further, it is inadequately asserted in
(continued...)

1   filed Sept. 30, 2010 [Docket # 33], ¶ 49.)  Plaintiffs assert
2   this was a qualified written request ("QWR") and that defendants
3   failed to respond in violation of RESPA.  (Id. at ¶¶ 49-55.)
4       Plaintiffs' second cause of action is for statutory
5   violations of TILA.[6]  Plaintiffs claim that defendants
6   misrepresented plaintiffs' actual lending costs.  (Id. at ¶ 71.)
7   Specifically, they claim the YSP was not disclosed in the good
8   faith estimate ("GFE"), and, that although the YSP was included
9   in the closing documents, it was done so in a deceptive manner.
10  (Id. at ¶ 24.)  Consequently, plaintiffs allege generally that
11  this "deception" is a violation of TILA.  (Id. at ¶¶ 70-72.)
12      Plaintiffs' final cause of action is for statutory
13  violations of FDCPA.  Plaintiffs assert that (1) defendants' debt
14  collection letters did not contain information to advise
15  consumers of their rights to dispute a debt; (2) defendants' debt
16  collection letters created a false sense of urgency and
17  misrepresented the importance, cost, and purpose of the
18  communication; (3) defendants' validation notices included
19  deceptive statements and content; and (4) defendants' imposed
20  and/or collected illegal service charges.  (FAC at ¶¶ 73-86.)
21      Finally, plaintiffs allege that equitable tolling should be
22  invoked because plaintiffs "could not understand any of the

---

[5](...continued)
plaintiffs' proposed SAC.  However, given the liberal pleading standard, the court construes that plaintiffs make this allegation.

[6]     These facts were also taken from plaintiffs' proposed SAC, as plaintiffs' FAC does not articulate which of defendants' actions violated TILA.

4

documents and signed them based on representations and the trust and confidence . . . [p]laintiffs placed in [d]efendants.'" (Id. ¶ 151.) Consequently, plaintiffs assert they were not provoked to inquire into the alleged violations until December 2007 and the start of the "global real estate calamity." (Proposed SAC ¶ 48.)

## STANDARD

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See, id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

1  In ruling upon a motion to dismiss, the court may consider
2 only the complaint, any exhibits thereto, and matters which may
3 be judicially noticed pursuant to Federal Rule of Evidence 201.
4 See, Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th
5 Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United
6 States, Inc., 12 F. Supp.2d 1035, 1042 (C.D. Cal. 1998).
7  Ultimately, the court may not dismiss a complaint in which
8 the plaintiff alleged enough facts to "state a claim to relief
9 that is plausible on its face." Iqbal, 129 S. Ct. at 1949
10 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
11 (2007)).  Only where a plaintiff has failed to "nudge [his or
12 her] claims across the line from conceivable to plausible," is
13 the complaint properly dismissed. Id. at 1952.  When there are
14 well-pleaded factual allegations, "a court should assume their
15 veracity and then determine whether they plausibly give rise to
16 an entitlement to relief." Id. at 1950.

## ANALYSIS

18  In this case, plaintiffs allege they consummated the loan
19 on or about September 7, 2005.  (FAC ¶ 9.)  The Deed of Trust is
20 dated that same day.  (DNR at Ex. 1.)  Plaintiffs did not bring
21 the instant action until December 14, 2009; accordingly, more
22 than one year (which is the applicable TILA statute of
23 limitations) has passed since the alleged TILA violations.  15
24 U.S.C. § 1640(e).  To the extent that plaintiffs seek application
25 of equitable tolling on the basis that they did not discover the
26 disclosure errors until March 2009, plaintiffs' claim fails.  To
27 establish excusable delay, plaintiffs must show "fraudulent
28 conduct by the defendant[s] resulting in concealment of the

operative facts, [their] failure . . . to discover the operative facts that are the basis of [their] cause of action within the limitations period, and [their] *due diligence . . . until discovery of those facts*." Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996)(emphasis added).

In their proposed SAC, plaintiffs claim that the alleged TILA violations were not discovered until 2009 because plaintiffs relied on "the due diligence of Mortgage Lenders Network, defendants' predecessor, the apparent lender[,] in executing and accepting the closing documents," believing that "Mortgage [L]enders [N]etwork had an interest in the. . . repayment of the loan." (FAC ¶ 26-27)(internal parentheses omitted.) Consequently, plaintiffs assert they were not provoked to inquire into the alleged violations until December 2007 and the start of the "global real estate calamity." (Id. at 48.)

This is insufficient to allege the requisite due diligence. First, relying on a lender and assuming correctness of the loan documents does not excuse plaintiffs from conducting their own due diligence. Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir.2000) (equitable tolling "focuses on whether there was excusable delay by the plaintiff," and "does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing."); see e.g., Nichalson v. First Franklin Financial Corp., No. 2:10-cv-00598-MCE-EFB, 2010 WL 3505089, ** 2-3 (E.D. Cal Sept. 3, 2010)(finding a lack of due diligence because the plaintiff did not review her loan documents; instead, assuming that all the information was true and correct). Second, although plaintiffs eventually performed some due diligence, it was not

7

performed within the time allotted by TILA. Plaintiffs state that they did not begin their inquiry into the alleged violations until December 2007, well after the statute of limitations period had ended. Lingad v. Indymac Federal Bank, 682 F. Supp. 2d 1142, 1147 (2010)("[W]hen a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence *during the one-year statutory period*, equitable tolling should not be applied and dismissal at the pleading stage is appropriate.")(emphasis added).

Further, plaintiffs plead no additional facts explaining why the alleged non-disclosures otherwise prevented them from discovering the alleged TILA violations within the one year statutory period. "Such factual underpinnings are all the more important . . . since the vast majority of [plaintiffs'] alleged violations under TILA are violations that are self-apparent at the consummation of the transaction." Cervantes v. Countrywide Home Loans, Inc., No. CV 09-517-PHX-JAT, 2009 WL 3157160, ** 13-14 (D. Ariz. Sept. 24, 2009)(holding that equitable tolling was not appropriate when the plaintiffs simply alleged that the defendants "fraudulently misrepresented and concealed the true facts related to the items subject to disclosure"); Walker v. Washington Mutual Bank FA, 63 Fed. Appx. 316, 2003 WL 1875536, * 1 (9th Cir. 2003)(finding that equitable tolling was not appropriate because the plaintiff had not shown anything which prevented him from comparing his loan documents and TILA's statutory and regulatory requirements).

Moreover, plaintiffs themselves, in alleging violations of both TILA and RESPA, for example, state that the discrepancies

8

between the GFE and the actual closing statement "are very clear." (FAC ¶ 24.) Without facts regarding why the alleged violations were not, and could not have been, reasonably discovered until 2009, the court cannot equitably toll the statute of limitations in this case. As such, defendants' motion to dismiss plaintiffs' claim for violations of TILA is GRANTED.[7]

Additionally, plaintiffs' claims for relief for violations of FDCPA and RESPA are also dismissed as time barred.[8] The statute of limitations for bringing a claim under FDCPA is one year. 15 U.S.C. § 1692k(d). The same is true of Section 2607 claims under RESPA. 12 U.S.C. § 2614. More than one year has passed since the alleged violations and, as explained above, plaintiffs do not plead facts sufficient to invoke equitable tolling. As such, defendants' motion to dismiss plaintiffs' claims for alleged violations of FDCPA and Section 2607 of RESPA is GRANTED.[9]

---

[7] Notwithstanding the time bar, plaintiffs' TILA claims are likely also subject to dismissal on the merits. See, Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2010 WL 1525554, *13 (E.D. Cal. April 15, 2010)("persuasive authority indicates TILA and its implementing regulations do not require lenders to disclose a YSP as part of a loan's finance charge or to explain its impact on a loan's interest rate.")

[8] Plaintiffs do not make clear under which sections of RESPA they make their claims; however, the court construes them as claims pursuant to § 2605 (failing to reposed to a QWR) and 2607 (receiving kickbacks). Plaintiffs cannot allege a claim pursuant to § 2603 because there is no private right of action for violations of § 2603's disclosure requirements. Lingad v. Indymac Federal Bank, 682 F. Supp. 2d 1142, 1151 (2010)(citing Bloom v. Martin, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994), aff'd, 77 F.3d 318 (1996).)

[9] Notably, even if not time barred, plaintiffs' FDCPA and RESPA § 2607 claims would not survive a motion to dismiss. "The
(continued...)

1     Plaintiffs' remaining claim asserts that defendants violated
2 RESPA, 12 U.S.C. § 2605, by failing to respond to plaintiffs'
3 alleged QWR.  A three year statute of limitations is afforded for
4 violations of § 2605.  12 U.S.C. § 2614.  Here, the alleged
5 violation occurred following plaintiffs' December 2007 QWR, thus
6 the action is not time barred.
7     However, a § 2605 violation cannot survive a motion to
8 dismiss when the plaintiff does not plead facts showing how he or
9 she suffered actual harm due to the defendant's failure to
10 respond to a QWR.  See Benham v. Aurora Loan Servs., No.
11 C-09-2059 SC, 2009 U.S. Dist. LEXIS 91287, **10-11 (N.D. Cal.
12 Oct. 1, 2009); Singh v. Wash. Mut. Bank, No. C-09-2771 MMC, 2009
13 U.S. Dist. LEXIS 73315, *16 (N.D. Cal. Aug. 19, 2009).  While
14 courts interpret this requirement liberally, the plaintiff must
15 at least allege what he or she lost or how he or she suffered
16 actual harm.  See, Yulaeva v. Greenpoint Mortgage Funding, Inc.,

---

[9](...continued)
law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." Lal v. American Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010). Here, defendants are either plaintiffs' loan servicer or owner of plaintiffs' obligation.  As such, they are not proper parties under the FDCPA.
    Additionally, plaintiffs have presented no facts that the YSP constituted an illegal kickback in violation of RESPA § 2607. In order to decide whether a YSP is an illegal kickback, the court must consider first whether the broker actually performed any services for the compensation paid, and second whether the payments are reasonably related to the services performed. Bjustrom v. Trust One Mortgage Corp., 322 F.3d 1201, 1207 (9th Cir.2003).  Here, plaintiffs have presented no facts relevant to either part of this test; instead, they rest their claim on the failure of defendants to disclose the YSP in advance. Plaintiffs' failure to provide any facts supporting this claim provides ground for granting a motion to dismiss.

No. CIV. S-09-1504 LKK, 2009 U.S. Dist. LEXIS 79094, at *44 (E.D. Cal. Sept. 3, 2009) (holding that the plaintiff's claim was sufficient to survive the motion to dismiss because the plaintiff alleged that she was made to pay referral fee that RESPA prohibited); Hutchinson v. Del. Sav. Bank, FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (holding that the plaintiffs adequately pled actual damages when they alleged that they suffered "negative credit ratings on their credit reports [and] the inability to obtain and borrow another mortgage loan and other financing").

In this case, plaintiffs' proposed SAC does nothing more than claim that defendants failed to acknowledge plaintiffs' alleged QWR.  This information, alone, is insufficient to demonstrate that plaintiffs suffered actual damages as a result of defendants' failure to respond to the alleged QWR.  Therefore, plaintiffs have not sufficiently pled facts showing a cognizable § 2605 RESPA violation.  Accordingly, defendants' motion to dismiss on this ground is GRANTED.

Finally, allowing leave to amend would be futile here as the court has considered the allegations of plaintiffs' proposed SAC and finds them insufficient on this issue.  Accordingly, defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to all claims.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  Plaintiffs' claims are dismissed without leave to amend.  Defendants America's Servicing Company and Mortgage
///

1  Electronic Registration are hereby dismissed from this action.[10]

2      IT IS SO ORDERED.

3  DATED: October 18, 2010

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[10]   However, this case remains open against defendant NDEX West, LLC ("NDEX").  NDEX failed to appear or otherwise respond to the complaint in the time allotted by the Federal Rules of Civil Procedure.  Plaintiffs filed a request for entry of default against NDEX on September 24, 2010.  The entry of default was entered on September 27, 2010.  However, plaintiffs request was erroneous as they had, on September 13, 2010, granted NDEX an extension, until October 6, 2010, to respond to the complaint. Accordingly, plaintiffs requested the court withdraw their entry of default.  Plaintiffs' request was granted on October 5, 2010. NDEX filed an answer to plaintiffs' complaint on October 6, 2010.
    Additionally, plaintiffs' motion for leave to amend to file a SAC adding new defendants will be heard as noticed on December 3, 2010 (Docket #27).