1  RICHARD A. HALL (SBN 135483)
**BOTTOMLINE LAWYERS**
2  985 Lincoln Way, Suite 206
Auburn, California 95601
3  Telephone: (530) 888-7100
Facsimile: (866) 305-1238
4

5  Attorneys for Plaintiffs
DANIEL MAJOR EDSTROM, an individual;
6  and TERI ANNE EDSTROM, an individual

7              UNITED STATES DISTRICT COURT

8            EASTERN DISTRICT OF CALIFORNIA

9  DANIEL MAJOR EDSTROM, an          )  CASE NO. 2:2010-cv-00105
   individual; and TERI ANNE        )
10 EDSTROM, an individual,           )  Plaintiffs' Memorandum of Points and
                                     )  Authorities in Opposition to Motion for Award
11      Plaintiffs,                  )  of Attorneys' Fees By Defendant MERS
                                     )
12 v.                                )  Date:    February 11, 2011
                                     )  Time:    10 a.m.
13 NDEX WEST, LLC, a Delaware        )  Crtm:    2
   limited liability company; etc., et al.,  )
14                                   )
        Defendants.                  )
15 _____  )

16                      **Introduction**

17      MERS moves for "an award of attorneys' fees and expenses *incurred* to defend

18 this action," and "seeks to recover *its* attorneys' fees in connection with this litigation."

19 But, MERS never "incurred" attorneys' fees, so the motion should be denied on that

20 ground alone. Second, even if MERS had incurred attorneys' fees (which it didn't), the

21 fee clause in the trust deed isn't applicable to MERS.

22                       **Argument**

23 **1.    Civil Code section 1717[1] offers no support for an award of attorneys' fees**

24 _____

25      [1]Subdivision (a), of Civil Code section 1717, states as follows, in relevant part:
           "(a) In any action on a contract, where the contract specifically provides
26         that attorney's fees and costs, which are incurred to enforce that contract,
           shall be awarded either to one of the parties or to the prevailing party,
27         then the party who is determined to be the party prevailing on the
           contract, whether he or she is the party specified in the contract or not,
28         shall be entitled to reasonable attorney's fees in addition to other costs.
           ..."

**to MERS.**

**A.       MERS never incurred attorneys' fees.**

MERS relies, in part, on Civil Code section 1717 for an award of attorneys' fees. But, as interpreted under case law, that Code section does not help MERS' request for attorneys' fees.

> "First, by its terms section 1717 applies only to contracts specifically providing that attorney fees 'which are incurred to enforce that contract' shall be awarded to one of the parties or to the prevailing party. ***To 'incur' a fee, of course, is to 'become liable' for it [citation], i.e., to become obligated to pay it***.
>
> "... Second, Black's Law Dictionary defines the word 'fee' generally as '[a] recompense for an official or professional service or a charge or emolument or compensation for a particular act or service. A fixed charge or perquisite charged as recompense for labor; reward, compensation, or wage given to a person for performance of services or something done or to be done." [Citation.] It goes on to define the phrase ***'attorney fees' as a [c]harge to client for services performed*** (e.g. hourly fee, flat fee, contingency fee).' (Ibid.) Similarly, Webster's defines the word 'fee' as 'compensation often in the form of a fixed charge for professional service or for special and requested exercise of talent or of skill.' [Citation.] ***['fee' denotes 'a payment,' such as the 'remuneration paid or due to a lawyer***, a physician, or (in recent use) any professional man, a director of a public company, etc. for an occasional service'].) ***Accordingly, the usual and ordinary meaning of the words 'attorney's fees,' both in legal and in general usage, is the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation***.[2] [Italics and bold added.]

The litigant, MERS, never actually paid for legal representation, and never became liable to pay for legal representation.

The Anglin Flewelling law firm does represent MERS in this litigation, and also represents America's Servicing Company, a division of Wells Fargo Bank,[3] the

---

[2]*Trope v. Katz* (1995) 11 Cal.4th 274, 281.

[3]A division of a business entity is a portion of that business that operates under a different name. It is the equivalent of a corporation or limited liability company obtaining a fictitious name or "doing business as" certificate and operating a business under that fictitious name. A division is different from a subsidiary, in that a subsidiary is a separate legal entity owned by the primary business. A division is a part of the primary business and is not separate from that business. The primary business is legally

purported servicer of the Edstrom loan. But, from commencement of this litigation to the present time, only Wells Fargo has been billed by Anglin Flewelling for attorneys' fees, and only Wells Fargo has paid those fees. Anglin Flewelling has never billed MERS for attorneys' fees in this case, and MERS has never paid Anglin Flewelling (or anyone else) for attorneys' fees in this case.

More importantly, the description of services rendered included on the Anglin Flewelling invoices suggests that the work performed was for ASC (Wells Fargo). In fact, the bills submitted by Anglin Flewelling mention MERS only one time. That reference also indicates ASC (Wells Fargo) is the client: "E-mail to MERS and client re tender of defense."[4] Nothing in the bills indicates Anglin Flewelling performed any work for MERS at all, only for ASC (Wells Fargo). Put another way, the description of services performed on the invoices do not anywhere differentiate from work that was performed for Wells Fargo and that which may have been performed for MERS.

Apparently, then, it seems from the invoices that the work performed for ASC was work also performed for MERS. In other words, any work performed by Anglin Flewelling for ASC in defending against this litigation was also work performed for MERS. Or put another way, whenever Anglin Flewelling was doing work for ASC, it was also doing the work was for MERS.

Because that is the case, and because Anglin Flewelling has already been paid by Wells Fargo for the same work that was done for both Wells Fargo (ASC) and MERS, MERS is not out-of-pocket for any attorneys' fees. Thus, the motion should be denied.

**B.    MERS, as a non-signatory to the deed of trust, is not entitled to attorneys' fees, because the Edstroms would not have been entitled to attorneys' fees had they prevailed against MERS.**

Nonsignatories to contracts are sometimes entitled to attorney fees by virtue of

---

responsible for all of the obligations and debts of the division.

[4]November 1, 2010 invoice.

1   Civil Code section 1717. For example, a non-signatory who prevails in an action on the

2   contract is entitled to attorney fees provided it would have been liable for fees had the

3   other party prevailed.[5]  "[T]he courts have generally ruled that, if a prevailing signator

4   would be entitled to fees against a nonprevailing nonsignator, then nonsignators in

5   litigation on such contracts are both entitled to attorney fees if they prevail and

6   obligated to pay attorney fees if another party prevails."[6]

7        Here, the fee clause, if we assume it is a fee clause entitling an award of

8   attorneys' fees, refers only to the "Lender," which is Mortgage Lenders Network, not

9   MERS. The deed of trust is clear that the "Lender" is Mortgage Lenders Network. The

10  deed does not state that MERS, as the beneficiary, in a nominee capacity, is also the

11  "Lender," or that "beneficiary" equates with "Lender." The language in the fee clause is

12  restricted only to the interests of the "Lender" and discusses protecting the interests of

13  the "Lender" in the subject property. MERS has no interest in the subject property, and

14  thus has no interests that need protecting.

15       Thus, if the Edstroms had prevailed in their claims against MERS, the Edstroms

16  would not have been entitled to an award of attorneys' fees under the subject fee

17  clause. So MERS is also, then, not entitled to an award of fees. The motion should be

18  denied

19  **C.    MERS was not the beneficiary nor a third-party intended beneficiary**

20  **        of the deed of trust.**

21       MERS claims it is entitled to an award of attorneys' fees because the Edstroms

22  executed a deed of trust that named MERS the beneficiary. But calling itself a

23  beneficiary under the deed of trust does not make MERS the beneficiary.[7] Irrespective

24  that MERS bestows upon itself the title, "beneficiary," it has never acquired the rights

25

26       [5]*Reynolds Metals co. v. Alperson* (1979) 25 Cal.3d 124, 129.

27       [6]Cal. Attorney Fee Awards (Cont.Ed.Bar 2d ed. 2008) Attorney Fee Awards Based on Contract,
28  sec. 6.10, p. 176.

       [7]Repeating here all the reasons why MERS is not the beneficiary will be "beating a dead horse."

and privileges of a beneficiary. The fee clause pertains to the "Lender," who is the true beneficiary under the deed of trust. Further, according to the deed itself, MERS does not equal the Lender, and the Lender does not equal MERS. So, the fact that the Edstroms executed a deed of trust wherein MERS was named the beneficiary is of no consequence to the motion for attorneys' fees.

"[A] nonsignatory seeking relief as a third party beneficiary may recover fees under a fee provision only if it appears that the contracting parties intended to extend such a right to one in his position. [Citation.]"[8] There is simply nothing in the record supporting any possible contention by MERS that it was an intended beneficiary of the deed of trust between the Edstroms and Mortgage Lenders Network.

The motion should be denied, because MERS is not the beneficiary under the deed, MERS is not the "Lender," and MERS was not a third-party beneficiary under the deed entitling it to attorneys' fees.

**2.    Even if MERS incurred attorneys' fees, ASC (Wells Fargo), as a MERS member, was required to indemnify MERS for its attorneys' fees.**

Under the "Terms and Conditions," between MERS and its members, in certain situations such as the instant litigation, the MERS member, here, ASC (Wells Fargo) is required to pay for MERS' attorneys' fees in defending against litigation. The indemnification clause in full (the first part of which obligates MERS to indemnify the MERS member in certain situations, and which first part is also pertinent to the obligation of the MERS member to indemnify MERS) follows:

> "MERS shall indemnify and hold harmless the Member, and any employee, director, officer, agent or affiliate of the Member ("Member Party"), from and against any and all third-party claims, losses, penalties, fines, forfeitures, ***reasonable attorney fees and related costs***, judgments, and any other costs, fees and expenses (**"*Indemnified Payments*"**) that the Member Party may sustain directly from the negligence, errors and omissions, breach of confidentiality, breach of the Terms and Conditions, breach of the Rules and Procedures, or willful misconduct of MERS, or any employee, director, officer, agent or affiliate of MERS

---

[8]*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 897.

('MERS Indemnified Claim'). Notwithstanding the foregoing, MERS shall not be liable or responsible under the terms of this Paragraph for any losses or claims resulting from the actions or omissions of any person other than an employee, director, officer (who is also an employee of MERS), agent or affiliate of MERS.

"***The Member shall indemnify*** and hold harmless ***MERS***, and any employee, director, officer, agent or affiliate of MERS ('MERS Party'), ***for*** any ***Indemnified Payments [see definition above, which includes attorney fees and related costs]*** which do not result from a MERS Indemnified Claim and which such ***MERS Party incurs*** (i) from the negligence, errors and omissions, breach of confidentiality, breach of the Terms and Conditions, Rules and Procedures, or willful misconduct of a Member Party, (ii) ***with respect to a transaction on the MERS® System initiated by such Member,*** or (iii) ***as a result of compliance by MERS with instructions given by the Member, or its designee, as beneficial owner, servicer or secured party shown on the MERS® System*** ("Member Indemnified Claim").

"MERS shall promptly notify the Member if a claim is made by a third party against either MERS or the Member with respect to any mortgage loan registered on the MERS® System in which the Member is shown on the MERS® System as beneficial owner, servicer or secured party in accordance with the Rules and Procedures. The Member shall promptly notify MERS if a claim is made against the Member that may be subject to the indemnification provisions of this Paragraph.

"The obligations of MERS and the Member under this Paragraph shall survive the termination of the Member's use of the MERS® System."[9]

This lawsuit against MERS and ASC was with respect to the registration of the Edstrom loan on the MERS system by ASC (Wells Fargo), or otherwise as a result of compliance by MERS with instructions given to it by ASC, or its designee, as servicer on the MERS system.[10] Thus, because ASC is a division of Wells Fargo and a MERS member as well, Wells Fargo is required to pay for the attorneys' fees incurred by MERS. And, Wells Fargo has done just that.

Thus, granting the instant motion would not result in an award of attorneys' fees

---

[9]See "Declaration of Richard A. Hall," filed concurrently herewith, and exhibit attached thereto, document titled "Terms and Conditions."

[10]Specifically, to commence foreclosure proceedings.

1   to MERS, but to Wells Fargo. The motion should be denied.

2   **3.      The fee clause isn't applicable to MERS.**

3          Parties generally bear their own attorney's fees in the absence of a statute or

4   agreement that provides otherwise.[11] MERS claims it is entitled to attorneys' fees as

5   provided for in the deed of trust wherein Mortgage Lenders Network is named the

6   "Lender," and MERS is named the "beneficiary."[12] The fee clause under which MERS

7   claims entitlement to an award of fees refers only to the "Lender," not to MERS.

8   Specifically, the fee clause states that the "Lender" may pay reasonable attorneys' fees

9   to protect its interest in the property, and that any amounts disbursed by the "Lender"

10  shall become additional debt of the Borrower.

11         First, MERS is not the "Lender." Second, neither the "Lender" (Mortgage Lenders

12  Network) nor MERS has disbursed any money for attorneys' fees. Mortgage Lenders

13  Network is in bankruptcy, and has been from shortly after the Edstrom mortgage was

14  acquired; and as discussed earlier in this brief, MERS has never disbursed any money

15  for attorneys' fees.

16         Thus, the motion should be denied.

17  **4.      By agreement between MERS and ASC (Wells Fargo), MERS agreed not to**

18          **assert rights to attorneys' fees.**

19         MERS asserts that the instant lawsuit "***significantly affected the interest of***

20  ***MERS in the subject property***." But MERS never had an interest in the subject

21  property, so MERS is wrong. MERS and Mortgage Lenders Network,[13] and MERS and

22  ASC (Wells Fargo), under "Terms and Conditions," expressly agreed about the extent

23  of their relationship and the extent of MERS' rights. Further, MERS agreed not to assert

24

25         [11]See Code Civ. Proc., §1021; see also, e.g., *Trope v. Katz* (1995) 11 Cal.4th 274, 279
26  [discussing other limited exceptions to the general rule].)

27         [12]The Edstroms defy the assertion in the deed of trust that MERS is the "beneficiary"
28  under the deed of trust. But those arguments are better left for another day.

         [13]Mortgage Lenders Network, ASC, and Wells Fargo, are MERS members.

1    other rights. In relevant part, the "Terms and Conditions" state as follows:

2        "The Member, at its own expense, shall promptly, or as soon
         as practicable, cause MERS to appear in the appropriate
3        public records as the mortgagee of record with respect to
         each mortgage loan that the Member registers on the
4        MERS® System. ***MERS shall serve as mortgagee of
         record with respect to all such mortgage loans solely as***
5        ***a nominee, in an administrative capacity, for the***
         ***beneficial owner or owners thereof from time to time.***
6        ***MERS shall have no rights whatsoever to any payments***
         ***made on account of such mortgage loans, to any***
7        ***servicing rights related to such mortgage loans, or to***
         ***any mortgaged properties securing such mortgage***
8        ***loans. MERS agrees not to assert any rights (other than***
         ***rights specified in the Governing Documents) with***
9        ***respect to such mortgage loans or mortgaged***
         ***properties.*** References herein to "mortgage(s)" and
10       "mortgagee of record" shall include deed(s) of trust and
         beneficiary under a deed of trust and any other form of
11       security instrument under applicable state law."[14]

12       The "Governing Documents," here the deed of trust, nowhere provides that

13   MERS is entitled to attorneys' fees or otherwise entitled to assert any rights that the

14   "Lender" may have to attorneys' fees under the deed of trust. Thus, the instant motion

15   should be denied.

16   **5.    Prevailing party status does not automatically confer an award of**

17   **attorneys' fees.**

18       Code of Civil Procedure section 1032 requires a prevailing party to be identified

19   but also allows the court, in its discretion, to determine how the section may apply and,

20   even in those "situations other than as specified" (id. subd. (a)(4)) to fix the amount of

21   costs to be received or apportioned between the parties. Thus, section 1032 does not

22   supplant or conflict with section 1717, but rather provides complementary discretion for

23   the award of statutory costs, including fees where they may properly be considered as

24   costs. The historical context of the various statutes and amendments establishes

25   section 1717 as the fundamental statute to be applied to fees and costs claimed under

26   a contract.[15]

27   _____

28       [14]See exhibit to Hall decl.

         [15]*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136.

1   Thus, here the Court has discretion to determine that although MERS may have

2   been the prevailing party, that for reasons explained in this brief, it is still not entitled to

3   costs, including an award of attorneys' fees.

4   **Conclusion**

5   MERS' motion for attorneys' fees is actually a motion for an award of fees for

6   recovery by Wells Fargo Bank. But Wells Fargo Bank (ASC) is the purported servicer,

7   and not the "Lender" of the Edstrom loan. The fee clause under which MERS claims

8   entitlement to attorneys' fees is not applicable to either MERS or Wells Fargo (ASC),

9   because neither one is identified the "Lender" under the deed and neither one was an

10  intended third-party beneficiary of the deed of trust.

11  MERS is not out-of-pocket for attorneys' fees, and will not be out-of-pocket in the

12  future. The only entity out-of-pocket is Wells Fargo Bank, and it did not bring the

13  motion.[16]

14  The motion should be denied.

15  Dated: December 13, 2010.

BOTTOMLINE LAWYERS

16

17

18  By:   /s/ Richard A. Hall
      Richard A. Hall
      Attorneys for Plaintiffs
19    Daniel Major Edstrom and
      Teri Anne Edstrom

20

21

22

23

24

25

26

27

28

---

[16]And even if it had brought the motion, it would also be denied because it is not the "Lender" nor a third-party beneficiary under the deed.