UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANIEL MAJOR EDSTROM, and TERI ANNE EDSTROM,

        Plaintiffs,

   v.

NDEX WEST, LLC, AMERICA'S SERVICING COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, and DOES 1-10,000,

        Defendants.

CIV. NO. S-10-105 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Mortgage Electronic Registration System's ("defendant" or "MERS") motion for award of attorneys' fees against plaintiffs Daniel Major Edstrom and Teri Anne Edstrom (collectively, "plaintiffs") pursuant to California Code of Civil Procedure ("CCP") Section 1033.5(a)(10)(A).  Plaintiffs oppose the motion.[1]  For the

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

1

reasons set forth below, defendant's motion for award of attorneys' fees is DENIED.

In September 2005, plaintiffs financed and obtained a loan from Mortgage Lenders Network USA, Inc. (Defs.' Notice of Removal ["DNR"], filed Jan. 13, 2010, [Docket #1], Ex. A.)  The terms of the loan were included in the promissory note, secured by a deed of trust to the property, which identified defendant MERS as nominee and beneficiary. (Id., Ex. A, B.)  After using the loan proceeds to purchase a parcel of real property, plaintiffs defaulted on their loan. (FAC, filed June 8, 2010 [Docket #15], ¶ 9.)

Plaintiffs brought causes of action for statutory violations of the Real Estate Settlement Procedures Act, Truth in Lending Act, and Fair Debt Collection Practices Act seeking damages against defendant and rescission of the deed of trust. (Id. ¶¶ 184-205, Prayer.)  Defendants MERS and America's Servicing Company ("ASC"), a division of Wells Fargo Bank, moved to dismiss plaintiffs' claims as time barred.  The court granted the motion to dismiss without leave to amend, holding that plaintiffs were barred from bringing the claims because they initiated suit more than one year after the alleged statutory violations and they were not entitled to equitable tolling. (Mem. and Order Grant. Defs.' Mot. to Dismiss, filed Oct. 18, 2010 [Docket #40] ["Order"], at 6-9.)

The Deed of Trust provides for the award of attorneys' fees to the lender as follows:

> If: (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly

1  affect Lender's interest in the Property and/or rights
2  under this Security Instrument . . . , Lender's actions
   can include, but are not limited to: (a) paying any
3  sums secured by a lien which has priority over this
   Security Instrument; (b) appearing in court; and (c)
4  paying reasonable attorneys' fees to protect its
   interest in the Property and/or rights under this
5  Security Instrument

6  . . .

7  Any amounts disbursed by Lender under this Section 9
   Shall become additional debt of Borrower secured by
8  this Security Instrument.

9  (Req. for Judicial Notice in Supp. of Mot. for Award of Att'y

10 Fees ["RJN"], filed Nov. 13, 2010, [Docket #43], Exh. B at 7-8.)

11     Defendant MERS argues that the Deed of Trust entitles it to

12 an award of attorneys' fees.  (Def.'s Mot. for Award of Att'y

13 Fees ["Def.'s Mot."], [Docket # 41], filed Nov. 12, 2010, at 4.)

14 However, plaintiffs argue, inter alia, that defendant MERS never

15 incurred attorneys' fees.  (Opp'n at 1.)

16     California law permits recovery of attorney fees "when

17 authorized by . . . [c]ontract."  Cal. Civ. Proc. Code §

18 1033.5(a)(10)(A).  Specifically, California Civil Code section

19 1717(a) addresses recovery of attorney fees in contract actions.

20  [W]here the contract specifically provides that
    attorney's fees and costs, which are incurred to
21  enforce that contract, shall be awarded either to one
    of the parties or the prevailing party, then the party
22  who is determined to be the party prevailing on the
    contract . . . shall be entitled to reasonable
23  attorney's fees in addition to other costs.

24 Id.

25     "To incur a fee . . . is to become liable for it, i.e., to

26 become obligated to *pay* it."  Trope v. Katz, 11 Cal. 4th 274, 280

27 (1995) (emphasis original) (internal citations and quotations

28 omitted).  Indeed, California courts have "'uniformly held that

3

mortgages and other agreements providing for the allowance of attorney fees to a party in litigation arising thereon d[o] not extend to a case where the party has neither paid nor incurred a liability to pay such fees.'" Id. at 281 (quoting City of Long Beach v. O'Donnell, 91 Cal. App. 760, 761 (1928)).  The party seeking attorney fees must show that the total fees incurred were reasonable and "'should submit evidence supporting the hours worked and rates claimed.'"  Mardirossian & Assocs., Inc. v. Ersoff, 153 Cal. App. 4th 457, 472 (2d Dist. 2007) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

*Assuming arguendo* that the fee clause in the Deed of Trust applies to it, defendant fails to demonstrate that any fees have been incurred on behalf of or paid by defendant MERS.  In support of its motion, defendant's counsel submits the billing statements of Anglin, Flewelling, Rasmussen, Campbell and Trytten LLP that purportedly relate to this case.  (Ex. A to Decl. of Christopher A. Carr in Supp. of Def.'s Mot. for Award of Att'y Fees ["Carr Decl.], filed [Docket # 41-1], Nov. 12, 2010, at 5.)  However, these billing statements reflect only that they were sent to Wells Fargo, not to defendant MERS.  (Id.)  The only reference to defendant MERS in the proffered billing statements is a description reading: "E-mail to *MERS* and *client* re tender of defense." (Id. at 23.) (emphasis added).  There is neither evidence nor argument to support an assumption that defendant MERS is a representative, alter ego, or agent of ASC or Wells Fargo.  As such, defendant fails to meet its burden of showing

4

that it incurred attorneys' fees.[2]  Accordingly, defendant MERS' motion for award of attorneys' fees is DENIED.

IT IS SO ORDERED.

DATED: March 2, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that defendant MERS failed to file a response to plaintiffs' opposition, which raised, *inter alia*, this argument.