**FILED**

SEP 05 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1  Daniel Major Edstrom
2  2690 Brown Bear Ct.
   Cool CA 95614
3  Tel: 916-207-6706  Fax: 888-552-2503
   Teri Anne Edstrom
4  935 Lincoln Way #213
5  Auburn Ca. 95603
   Tel: 916-207-4412
6
   ~~Attorneys for Plaintiffs,~~
7  Daniel Major Edstrom and Teri Anne Edstrom, in Pro Per

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11                                          )  CASE NO.: 2:10-cv-00105-KJM-CKD
   DANIEL MAJOR EDSTROM and TERI            )
   ANNE EDSTROM,                            )  NOTICE TO FEDERAL DISTRICT
12                                          )  COURT OF REMOVAL TO FEDERAL
13              Plaintiffs,                 )  BANKRUPTCY COURT
                                            )
14 NDeX West, LLC, LLC, America's Servicing )
   Company, Mortgage Electronic Registration)
15 Systems (MERS); and DOES 1-10,000        )
                                            )
16              Defendants.                 )
                                            )
17                                          )
                                            )
18 _____ )

19

20 TO THE CLERK OF THE COURT AND ALL INTERESTED PARTIES:

21     PLEASE TAKE NOTICE that Plaintiffs DANIEL MAJOR EDSTROM AND TERI ANNE

22 EDSTROM ("Edstrom" or "Plaintiffs") filed a notice removing this action to the United States

23 Bankruptcy Court, Eastern District of California, Sacramento Division, on September 5, 2012.

24 Plaintiff Daniel Major Edstrom filed a Chapter 11 voluntary Petition on May 15, 2012, case #

25 12-29353-B-11 in the Sacramento Division of the United States Bankruptcy Court, Eastern

26 District of California ("Edstrom Bankruptcy"). Pursuant to 28 U.S.C. §1452, bankruptcy Debtor

27 Daniel Major Edstrom removed this action from this Court to the bankruptcy Court.  No case

28
                                    -1-

1   number has been assigned yet. As the notice of removal has been filed, this action is no longer

2   pending in this Court.

3   A true and correct copy of the Notice of Removal (sans exhibits) is attached as Exhibit "1".

4   Dated: This 5th day of September, 2012                    PLAINTIFFS

5

6                                                   /s/
                                                    DANIEL EDSTROM, debtor-in-possession
7                                                   2690 Brown Bear Court
                                                    Cool, CA 95614
8

9

10                                                  /s/
                                                    TERI EDSTROM
11                                                  935 Lincoln Way #213
                                                    Auburn, CA 95603
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                -2-

Exhibit 1

```
12-02555-B
COMPLAINT
PLAINTIFF: DANIEL EDSTROM
DEFENDANT: NDEX WEST, LLC
JUDGE: HON. T. HOLMAN
RELATED CASE: 12-29353

ORIGINAL FILED 9/5/12 - 10:32 AM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION        m9as

2012-02555

531
```

1   RICHARD A. HALL (SBN 135483)

2   DEE L. PAULL (SBN 126152)
    DAVID A. PEREIRA (CERT. STUDENT ATTORNEY #27093)

3   BOTTOMLINE LAWYERS

4   985 LINCOLN WAY, SUITE 206
    AUBURN, CALIFORNIA 95603

5   TELEPHONE: (530) 888-7100
    FACSIMILE: (866) 305-1238

6
    ~~Attorneys for Plaintiffs,~~

7   Daniel Major Edstrom and Teri Anne Edstrom, *In Pro Per*

*[handwritten annotations:]*
Daniel Major Edstrom
2690 Brown Bear Ct.
Cool CA 95614
Tel: 530 916-2076706
Fax: 888-552-2903
Teri Anne Edstrom
935 Lincoln Way #213
Auburn Ca. 95603
Tel: 916-207-4412

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  | | |
    |---|---|
    | DANIEL MAJOR EDSTROM and TERI ANNE EDSTROM, | CASE NO.: |
    | | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.A. §1452** |
    | Plaintiffs, | |
    | NDeX West, LLC, ~~LSC~~, America's Servicing Company, Mortgage Electronic Registration Systems (MERS); and DOES 1-10,000 | (Formerly Case #2:10-cv-00105-KJM-CKD) |
    | Defendants. | 12-29353-B-11 |
    | | Chapter 11 |

19  ///

20  ///

21  TO: ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

22      COMES NOW, DANIEL MAJOR EDSTROM AND TERI ANNE EDSTROM ("Edstrom"

23  or "Plaintiffs") as Plaintiffs request that all parties PLEASE TAKE NOTICE that plaintiffs

24  hereby remove to this Court pursuant to 28 USC §1452 the entirety of the action, and all causes

25  of action pled therein, filed in the United States District Court, Eastern District of California

26  ("US District Court") under case number 2:10-cv-00105-KJM-CKD as described below.

27      In support of this Notice, Plaintiffs state as follows:

28

1. Pursuant to 28 U.S.C. §1452, a bankruptcy Debtor may remove an action from any other court to the bankruptcy court, simply by filing a notice of removal with both the original Court and the bankruptcy Court in which the Debtor's bankruptcy case is pending.  The action can be removed to the bankruptcy Court by either a plaintiff or a defendant, and it can be done no matter what stage the proceedings have reached.

2. JURISDICTION. As more particularly described below, this court has jurisdiction of this case pursuant to 28 U.S.C. §1331 based on federal subject matter jurisdiction because this action concerns, inter alia, property of a bankruptcy estate and pursuant to 28 U.S.C. §1334 as this Court has exclusive jurisdiction of all cases under the bankruptcy code (i.e. Title 11). With exceptions that do not apply, ". . . the District Courts shall have original and exclusive jurisdiction of all cases under Title 11 [i.e. the Bankruptcy Code]." 28 U.S.C. §1334(a) (emphasis added). "The District Court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction − (1) of all the property, wherever located, of the Debtor as of the commencement of such case, and of all property of the Estate . . ." 28 U.S.C. §1334(e)(1) (emphasis added). Daniel Major Edstrom filed a Chapter 11 voluntary Petition on May 15, 2012, case # 12-29353-B-11 in the Sacramento Division of the United States Bankruptcy Court, Eastern District of California ("Edstrom Bankruptcy"). The filing of a Petition creates an estate comprised of "all legal and equitable interests of the Debtor in property as of the commencement of the case" [11 U.S.C. §541(a)(1)] which definition must be broadly interpreted because "Congress intended a broad range of property . . . to be included in the Estate." United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983).

3. INTRADISTRICT ASSIGNMENT.  This case is being removed to the Sacramento Division of this court because the existing Federal court case is pending in Sacramento County California and Plaintiff Daniel Major Edstrom filed the Debtor's bankruptcy Petition in this district (Edstrom Bankruptcy).

1    4. REALIGNMENT OF THE PARTIES. Plaintiff's alignment of the parties is not binding

2       on the Federal Court considering removal.  The Court, if necessary, may realign the

3       parties as plaintiffs and defendants according to their real interests. City of Indianapolis

4       v. Chase National Bank of New York, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941);

5       Maryland Cas. Company v. W. R. Grace & Company, 23 F.3d 617, 622-23 (2nd Cir.

6       1993, cert. denied 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 559 (1994).  This case was

7       brought by Plaintiffs because Defendants are executing and recording documents that

8       contain false information, and additionally attempting to use these documents as a basis

9       for an unlawful non-judicial foreclosure against Plaintiffs.  Defendants are the parties

10      seeking affirmative relief and as such, Defendants should be realigned as plaintiffs and

11      ordered to state their claims.  Plaintiffs would then be afforded the opportunity to respond

12      to (newly aligned) plaintiffs claims.  Realignment is necessary in this case as defendants

13      continual change of position[1] is prejudicial not only to the Plaintiffs, but to the creditors

14      of the Debtors' estate.

15    5. On December 14, 2009, El Dorado State Court case #PC20090773 (the "State Court

16      Action"), Plaintiffs commenced an action against a plurality of Defendants in the El

17      Dorado Superior Court.   This action was removed to Federal Court by Defendant

18      "America's Servicing Company, a division of Wells Fargo Bank, N.A." (Case # 2:10-cv-

19      00105 KJM CKD in the Eastern District of California, Sacramento Division) ("Federal

20      Court Action"). Subsequently Defendants Wells Fargo Bank aka America's Servicing

21      Company and Mortgage Electronic Registration Systems (MERS) were dismissed from

22      the case and a 2nd amended complaint was filed in the Federal Court Action.  Plaintiffs

23      assert 3 causes of action.  The claims are for (i) RESPA violations; (ii) TILA violations;

24      and (iii) FDCPA violations.

25    6.

26

27

28   [1] The actual creditor is uncertain due to competing claims filed in previous related bankruptcy cases, the El Dorado
     Superior Court Action, and documents recorded with the El Dorado County Recorder's Office

7. On May 15, 2012, Plaintiff Daniel Major Edstrom commenced a Chapter 11 bankruptcy proceeding by Petition within this District, case #12-29353-B-11. The case is still pending.

8. On or about May 30, 2012, in violation of 11 U.S.C. §362(a) ["automatic stay"], Defendant NDeX, by and through their attorneys, Barrett Daffin Frappier Treder & Weiss, LLP ("NDeX Counsel"), filed a Motion for Summary Judgment/Summary Adjudication for the Federal Court Action ("The MSJ") asserting, inter alia, (i) that the creditor is U.S. Bank, National Association, as Trustee[2]; (ii) "Non-judicial foreclosures cannot be challenged in Court through allegations of improper assignments of the note & deed of trust or defects in the chain-of-title"; (iii) "This lawsuit circumvents a contractual non-judicial remedy (agreed to in the deed of trust) through Court intervention.[3]"; (iv) "They want the Property back – despite their admitted loan default[4]"; (v) "As shown below, these facts establish that the non-judicial foreclosure was, and is, valid and establish grounds for granting this Motion."; (vi) the "moving party is entitled to a judgment as a matter of law."; (vii) and (viii) "However, since title to & interest in the property was held by different entities, including Mortgage Electronic Registration Systems, Inc. and U.S. Bank National, as Trustee, these parties need to be joined to quiet title. Any judgment concerning title rendered in their absence would be 'essentially illusory' and unenforceable.[5]". "The foreclosure can be stopped only by tendering payment of the undisputed balance ...[6]". Under well-settled law, the bankruptcy court has exclusive jurisdiction of the Edstrom property and any alleged obligation, and the motion for summary judgment/summary adjudication introduced by NDeX West, LLC to

---

[2] A prejudicial change of position from the El Dorado Superior Court Action, as well as filings in previous related bankruptcy cases filed by Plaintiffs. Additionally, under California Civil Code 1558, no such entity exists or is identifiable named U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE.
[3] Contradicting themselves, Defendant NDeX West, LLC states as an alleged undisputed fact "NDeX has never entered into any contract with Plaintiffs".
[4] NDeX West, LLC asserts that Plaintiffs real property (2690 Brown Bear Court, Cool, CA 95614) does not belong to Plaintiffs, but instead was already sold at a foreclosure sale. Additionally Plaintiffs have never defaulted.
[5] Again, see footnotes 1, 2, 3 and 4.
[6] Plaintiffs have never defaulted.

1    the Federal Court is and was an improper attempt to oust or interfere with that
2    jurisdiction.

3    9.  Upon removal, this action will be a core proceeding.  The alleged obligation and property
4        at issue was scheduled in Daniel Major Edstrom's bankruptcy proceeding and has never
5        been sold or otherwise transferred to any other entity through any manner whatsoever –
6        including a non-judicial foreclosure sale.  Plaintiff filing this Notice consents to its
7        ultimate disposition after adjudication by entry of a final order.

8    10. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its attachments will promptly
9        be served on defendants in the Federal Court Action and notice thereof will be filed with
10       the clerk of the United States District Court.

11   11. Notice is given that the documents associated with this case as filed in the United States
12       District Court applicable to case #2:10-cv-00105 KJM CKD are available on Pacer.

13   12. Attached as Exhibit "1" is the Summons and Proof of Service for NDeX West, LLC,
14       America's Servicing Company aka Wells Fargo Bank, NA and Mortgage Electronic
15       Registration Systems, Inc.

16   13. Attached as Exhibit "2" is the 2nd Amended Complaint.

17   14. Attached as Exhibit "3" is Defendant NDeX West, LLCs answer to the 2nd Amended
18       Complaint.

19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28

-5-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.A. § 1452

1    WHEREFORE, Plaintiff hereby removes United States District Court Case Number 2:10-cv-

2    00105 KJM CKD to the Sacramento Division of the United States Bankruptcy Court for the

3    Eastern District of California.

4    Dated: This 5th day of September, 2012                PLAINTIFFS

5

6                                                    /s/
                                                    DANIEL EDSTROM, debtor-in-possession
7                                                    2690 Brown Bear Court
                                                    Cool, CA 95614

8        Plaintiff Teri Edstrom, undersigned herein below, consents to the Removal of this case to
9    the United States Bankruptcy Court in the Eastern District of California.

10

11
                                                    /s/
12                                                  TERI EDSTROM
                                                    935 Lincoln Way #213
13                                                  Auburn, CA 95603

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        -6-
                    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.A. § 1452

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NDEX WEST, LLC, a Delaware limited liability company; MORTGAGE LENDERS NETWORK USA, INC., a Delaware corporation; AMERICA'S SERVICING COMPANY, an entity form unknown; MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS); and DOES 1-10,000,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL MAJOR EDSTROM, an individual; and TERI ANNE EDSTROM, an individual,

|  |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **EL DORADO CO. SUPERIOR CT.** |
| **FILED** DEC 1 4 2009 |
| BY _____ |
| **Deputy** |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso)* **20090773** |
|---|---|

EL DORADO COUNTY SUPERIOR COURT, 3321 CAMERON PARK DRIVE, CAMERON PARK, CA 95682

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard A. Hall (SBN 135483) Bottomline Lawyers, 985 Lincoln Way, Auburn, Ca 95601; Tel(530) 888-7100

| DATE:<br>*(Fecha)* **DEC 1 4 2009** | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>www.accesslaw.com |
|---|---|---|

**E. Romero**

EXHIBIT B - Page 158

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| RICHARD A. HALL (SBN 135483)<br>BOTTOMLINE LAWYERS<br>985 LINCOLN WAY, SUITE 206<br>AUBURN, CALIFORNIA 95601<br><br>TELEPHONE NO.: (530) 888-7100   FAX NO.: (866) 305-1238<br>ATTORNEY FOR *(Name):* Daniel Major Edstrom and Teri Anne Edstrom | **EL DORADO CO. SUPERIOR CT.**<br><br>**FILED** DEC 1 4 2009<br><br>BY _____<br>**Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 3321 Cameron Park Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: Cameron Park 95682
BRANCH NAME: Cameron Park Branch

CASE NAME: Edstrom v. NDex West

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 2 0 0 9 0 7 7 3 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [X] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* 32

5. This case [ ] is [X] is not ·a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 14, 2009

RICHARD A. HALL (SBN 135483)
_____(TYPE OR PRINT NAME)_____    ▶ _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions·<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**E. Romero**
EXHIBIT B - Page 159

1

# Exhibit 2

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1 | RICHARD A. HALL (SBN 135483)
**BOTTOMLINE LAWYERS**
2 | 985 Lincoln Way, Suite 206
Auburn, California 95601
3 | Telephone: (530) 888-7100
Facsimile: (866) 305-1238
4 |

5 | Attorneys for Plaintiffs
DANIEL MAJOR EDSTROM, an individual;
6 | and TERI ANNE EDSTROM, an individual

7 | UNITED STATES DISTRICT COURT

8 | EASTERN DISTRICT OF CALIFORNIA

9 | DANIEL MAJOR EDSTROM, an             ) CASE NO. 2:2010-cv-00105
individual; and TERI ANNE            )
10 | EDSTROM, an individual,              ) SECOND AMENDED COMPLAINT AND
                                      ) DEMAND FOR JURY TRIAL
11 |        Plaintiffs,                  )
                                      )
12 | v.                                  )
                                      )
13 | NDEX WEST, LLC, a Delaware limited )
liability company; AMERICA'S         )
14 | SERVICING COMPANY, an entity        )
form unknown; MORTGAGE               )
15 | ELECTRONIC REGISTRATION             )
SYSTEMS (MERS); and DOES 1-          )
16 | 10,000,                             )
                                      )
17 |        Defendants.                  )
                                      )
18 |

19 |        1.      At all times relevant herein plaintiffs have been residents of the County of El

20 | Dorado, state of California and the owner of real property, including but not limited to the

21 | property at issue herein, 2690 Brown Bear Court, Cool, California 95614, APN 073-141-03-100

22 | (hereafter, "Real Property").

23 |        2.      Mortgage Lenders Network USA, Inc.  (hereafter, "Mortgage Lenders") at all

24 | times herein mentioned, was a Delaware corporation, and doing business in the County of El

25 | Dorado, State of California, and was the original Lender for Plaintiffs' Deed of Trust Deed and

26. | Note. Mortgage Lenders forfeited its status to do business in California on some unknown date.

27 | Mortgage Lenders filed for bankruptcy in or about 2006 or 2007, and is currently in bankruptcy,

28 | in the State of Delaware.

1    3.    Mortgage Lenders is not being sued in this action.

2    4.    Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS
3  (hereinafter "MERS") is a Delaware corporation, acting as a nominee/beneficiary for the lender
4  on the deed of trust. MERS is also listed as the beneficiary under the deed. Plaintiff is informed
5  and believes, and on that basis, alleges that MERS is not authorized to conduct business in the
6  State of California. Plaintiff is also informed and believer and on that basis further alleges that
7  defendant MERS is not a financial lending institution subject to California Corporations code
8  section 191 and therefore must have legal capacity as a corporation to conduct business within
9  the State of California.

10    5.    On information and belief, plaintiff alleges that defendant America's Servicing
11  Company is a fictitious business entity, form unknown, purporting to be authorized to conduct
12  business in the State of California and is a division of Wells Fargo Bank and is in the business of
13  servicing loans. Plaintiff is informed and believes, and on that basis alleges that ASC conducts
14  business in California and within the County of El Dorado, California on a regular business.
15  Plaintiff is further informed and also believes, and on that basis further alleges that ASC was the
16  servicer of plaintiff's loan.

17    6.    On information and belief, plaintiffs allege that defendant America's Servicing
18  Company is a fictitious business entity, form unknown, purporting to be authorized to conduct
19  business ini the State of California and is a division of Wells Fargo Bank and is in the business of
20  servicing loans. Plaintiff is informed and believes, and on that basis alleges that ASC conducts
21  business in California and within the County of El Dorado, California on a regular basis.

22    7.    Defendant NDEX West, LLC is a fictitious business entity, form unknown,
23  purporting to be authorized to conduct business in the state of California. Plaintiff is informed
24  and believes, and on that basis alleges that NDEX West conducts business in California and
25  within the County of El Dorado, California on a regular basis. NDEX West has an office located
26  at 15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001. Plaintiffs are further informed
27  and also believe and on that basis further allege that NDEX West was substituted in a trustee on
28  the deed of trust and issued the notice of trustee's sale on plaintiffs' property.

8.     Wherever in this complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

9.     As a result of their mortgage activities, defendants and each of them are and were subject to and must comply with the Federal Truth in Lending Act ("TILA") and with the Act's corresponding Regulation Z, as well as the Real Estate Settlement Procedures Act, and RESPA's corresponding Regulation X.

10.    While the complained of loan was originated by Mortgage Lenders, all subsequent holders of the note, including NDEX West took the note subject to all defenses against Mortgage Lenders and any other successors to the note and deed of trust.

11.    At all times herein, MERS, ASC and NDEX were agents of Mortgage Lenders Network.

12.    At all relevant times, the actions of Mortgage Lenders Network were ratified by MERS, ASC and NDEX.

13.    The liability for any bad acts of Mortgage Lenders Network and its assignees goes with the original note and is therefor imputed to defendants MERS, ASC and NDex West.

14.    MERS, ASC, and NDEX West, because they were agents of Mortgage Lenders Network, also ratified the bad acts of Mortgage Lenders Network and its assignees.

## FACTUAL ALLEGATIONS

15.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this complaint.

16.    Defendants and their agents, officers, employees, and affiliated or associated parties have engage in and continue to engage in a pattern of unlawful, fraudulent or unfair predatory and real estate lending practices causing victims of their actions, including plaintiff herein, to lose or be in jeopardy of losing their homes through the foreclosure process because of

predatory lending practices on the party of defendants that consist of, but not limited to (a) failing to provide proper disclosures as required by federal and state law; (b) failing to disclose the true terms of the loan; (c) charging excessive closing costs fees to plaintiffs that have no reasonable value basis to the services actually performed by defendants; (d) failing and refusing to provide escrow final closing documents in the form and manner required in a HUD-1 statement; and (e) concealing the fact that the primary note and deed of trust were transferred to the trust pool under the PSA and that defendants are not holders in due course of the note which evidences the debt.

17. Plaintiffs are informed and believes that Mortgage Lenders Network was a financial institution that was paid a fee to pose as a residential mortgage lender, when in fact the actual lender and underwriter were other parties whose identities and receipt of fees and profits were withheld and never disclosed to plaintiff at the time of closing.

18. Plaintiffs are informed and believe that the true source of loan funds came from investors which purchased securities or certificate from in trust for the trust pool. If there is a holder in due course of the plaintiffs' promissory note arising from the subject loan transaction, it is the investors who purchased said securities.

19. In or around September 7, 2005, plaintiffs sought to refinance their home, and engaged the services of Mortgage Lenders Network.

20. A review and audit of the loan documents of plaintiffs revealed that there were numerous violations committed by defendants, thus resulting into a loan transaction that was illegal, unjust and therefore void.

21. During the loan application process, plaintiffs were not given a mortgage loan origination agreement as required under California law. The failure to comply with this law invalidates its role in the transaction and any payment of fees to the broker resulting from this failure to comply is an illegal kickback/transaction.

22. During the application process, plaintiffs were not given the federally-required early disclosures within the time period required by statute. Under RESPA, the Good Fair Estimate, Truth in Lending, Servicing Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, Federal Equal Opportunity and various other early disclosures must be provided with

1 | three business days of the loan application.

2 | 23. Early disclosures as required under RESPA were not adhered to. The Uniform
3 | Residential Loan Application which was provided to plaintiff at closing is dated August 31,
4 | 2005; however the GFE is dated August 22, 2010. There is no GFE dated within 3 days of the
5 | Uniform Residential Loan Application as is required by law.

6 | 24. The GFE for the loan is deceptive and misleading whereby the GFE dated August
7 | 22, 2005 set forth an itemization of the loan amounts and all of the fees and charges that would
8 | be paid out of the loan proceeds and exactly to whom each of these fees would be paid. See
9 | exhibit (A). When comparing this GFE with the actual closing statement provided to Plaintiff at
10 | the closing on Sept 7, 2005 the following discrepancies are very clear. On the GFE, there is a
11 | section titled Compensation to Broker. Included in this section of the GFE there is a line that has
12 | the letters and numbers YSP 0-7000 and the corresponding dollar value is left completely blank
13 | and void of any entry. The final HUD-1A exhibit (B) line 809 is left blank as well although it
14 | does refer to an addendum and the words "see addendum 7.500.00" are over printed on line 809
15 | and again there is no entry of a dollar value. It is not until one gets through the addendum does
16 | one see the itemization and more complete description of YSP on an unnumbered line that states
17 | "Yield Spread Premium To: First Priority Financial Inc." that there is a numerical entry next to
18 | this description of 7,500.00. This deceptive tactic violates TILA and RESPA. The TILA violation
19 | stems from the fact that the material omission of the YSP from the GFE was a clear attempt to
20 | obfuscate all of the underlying costs the Plaintiff would be charged for this loan. The omission of
21 | the YSP from the GFE and the veiled disclosure of the YSP on the HUD Addendum are a clear
22 | attempt to hide a kick back to the broker. The reason it is a kickback is because the fee by
23 | definition (YSP) is determined by the loan product, the terms of the loan and the interest rate,
24 | none of which were realized until the signing of the documents.

25 | 25. The GFE estimated fees in the amount of $4,021.50, whereas the total fees
26 | amounted to $4,276.53 a difference of $255.03, constituting a violation. Further, the GFE
27 | estimated the underwriting fee as $1,150, whereas the HUD-1 reveals the amount to be $1,394.
28 | These intentional under-estimates constitute deceptive tactics in violation of RESPA and TILA.

1   26. Unknown to plaintiffs, plaintiffs were induced into a transaction that did not and
2 could not meet normal underwriting standards for a residential mortgage. Mortgage Lenders
3 Network posed as a conventional mortgage lender thus leading plaintiffs to reasonably believe
4 that Mortgage lenders network had an interest in the success (repayment of the loan) of the
5 transaction that plaintiffs were induced to believe was being executed at the time of the closing
6 of the subject loan transaction.

7   27. In fact, Mortgage Lenders Network had no financial stake (i.e., liability ) in the
8 transaction and no interest other than obtaining plaintiffs' signatures on a loan that could never
9 be repaid, contrary to representations and assurances from the conspiring participants in this
10 fraudulent scheme. On information and belief, plaintiffs allege that the loan appraisal was
11 intentionally and knowingly inflated along with other loan data to justify the closing of the loan
12 transactions. Plaintiffs relied upon the due diligence of Mortgage Lenders Network, defendants'
13 predecessor, the apparent lender in executing and accepting the closing documents. In fact, no
14 lender was involved in the closing in the sense of an entity performing due diligence and
15 evaluation under national standards for underwriting and evaluating risk of loaning money in a
16 residential loan closing. Their purpose was solely to collect fees, rebates, kickbacks, and profits
17 that were never disclosed to plaintiffs and have only recently been discovered by plaintiffs
18 through consultation with experts in securitization of residential mortgage loans, and diligent
19 research including the filing of certain parties with the Securities and Exchange commission
20 which disclose the normal manner of operating this fraudulent scheme.

21   28. In connection with the subject loan, Mortgage Lenders Network provided a
22 document labeled deed of trust. Plaintiffs are informed and believe and upon such information
23 and belief allege that Mortgage Lenders Network also provided a document labeled note, and at
24 least one document labeled as an addendum to the note. None of the defendants advised plaintiffs
25 that material payment terms which should have been set forth inthe note or in a clearly identified
26 addenda thereto were not set forth in the note and were instead inserted into the deed of trust.
27 These terms included, inter alia, the manner in which payments would be applied, when
28 payments would be deemed received and additional sums that plaintiffs could be required to pay.

SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL  -6-

1    29.    Mortgage Lender Network was named as the payee on the promissory note and

2  MERS was named beneficiary under the deed allegedly securing the performance under the note.

3  The trustee was named as the trustee on the deed of trust executed at the time of the alleged

4  closing of the loan. The deed was recorded with the El Dorado County Recorder's office. There

5  is a non recorded PSA and a non recorded assignment and assumption agreement which appears

6  to substitute US Bank over the pooled assets for the nominal trustee named in the deed of trust.

7    30.    This action was never disclosed to plaintiffs.

8    31.    Notwithstanding the above, and without the knowledge of plaintiffs, Mortgage

9  Lenders Network and others entered into assignment and assumption agreement with one or

10 more parties and Pooling and Service Agreements with one or more parties prior to or

11 contemporaneously with the closing of the subject loan transaction. Under the terms of these

12 agreements, Mortgage lenders Network received a sum of money, usually on receiving an

13 application for a loan equal to the gross amount of the loan sought by plaintiffs plus a fee of

14 around 2.5% or more which was allocated to the subject loan transaction.

15   32.    Contrary to the documents presented before and during the closing of the loan

16 transaction, Mortgage Lenders Network was neither the source of funding nor the lender. Thus, at

17 the time of recording, the source of funding and the lender was a different entity than the nominal

18 beneficiary under the deed of trust and was neither named nor disclosed in any fashion. The

19 security for the loan thus secured an obligation that had been paid in full by a third party. Said

20 third parties were acting as a financial institution or lender without even having been chartered or

21 registered to do so despite regulations to the contrary under the laws and rules of California and

22 under federal laws and regulations.

23   33.    Despite representations in the PSA, that the note and deed of trust were

24 transferred to another party, there is no recorded assignment of the deed to that party. And the

25 power of sale clause contained in the deed cannot be exercised if the assignment is not recorded.

26   34.    It is doubtful that any of the defendants have any knowledge or have made any

27 effort to determine whether the putative holders in due course have ben paid in whole or in part.

28 It can only be said with certainty that these defendants seek to enforce loan documents for which

1  they have already been paid in full plus illegal fees for participating in an illegal scheme. These

2  defendants seek to add insult to injury by demanding ownership of the property in addition to the

3  receipt of payment in full long before any delinquency or default even alleged occurred.

4      35.    In order for these defendants to maintain legal standing in connection with the

5  subject loan transaction, they are required to show the entire chain of title of the note and the

6  entire chain of title of the mortgage. They have refused to do this despite numerous requests,

7  leading plaintiffs to conclude that the defendants cannot produce such evidence of a complete

8  chain of title or are intentionally withholding the information that would show breaks in such

9  chain.

10     36.    Plaintiffs are left in the position of being in an adversary proceeding with ghosts.

11 While these defendants have informally offered or considered providing indemnification for any

12 third party claims, the fact remains that any relief awarded these defendants, any standing

13 allowed to these defendants would expose the plaintiffs to multiple claims and suits from an

14 unknown number of parties and entities that all claim, possibly correctly, to the holders in due

15 course. Any grant of certificate of title to an entity other than plaintiffs or the nominal mortgagee

16 creates an incurable defect in title.

17     37.    NDEX West, an agent for MERS as beneficiary, and an agent for ASC, as well as

18 Mortgage Lenders Network and its assignees, recorded a notice of default with the El Dorado

19 County Recorders' Office. The notice of default instructs that if plaintiffs are interested in

20 finding out the amount to be paid, or in arranging for payment to stop the foreclosure, or if the

21 property is in foreclosure for any other reason, to contact ASC c/o Ndex West.

22     38.    This correspondence constituted collection of a debt.

23     39.    MERS is a debt collector under the FDCPA in that it ratified or otherwise acted as

24 the agent and nominee for the lender, Mortgage Lenders Network and its assignees..

25     40.    On or about December 19, 2008, NDEX West was hired after the plaintiffs'

26 default for the specific purpose of collecting on the obligation.

27     41.    The default notice issued on December 19, 2008, constitutes debt collection.

28     42.    There is no controlling Ninth Circuit authority on the issue of whether the FDCPA

1  can ever apply to foreclosure trustees.

2    43.    Some district courts in this Circuit, and courts in other circuits have held that a

3  foreclosure trustee may be sued under the Act. See e.g., Wilson v. Draper & Goldberg PLLC,

4  443 F.3d 373 (4th Cir. 2006); Kaltenback v. Richards, 464 F.3d 524, 528-29 (5th Cir. 2006).

5    44.    In Allen v. United Financial Mortgage Corp., the court held that a plaintiff

6  adequately stated a debt collection claim against a trustee specifically to collect on the debt

7    45.    MERS and ASC specifically hired NDEX West to collect on the obligation.

8    46.    Thus Ndex West is a debt collector under the FDCPA.

9    47.    ASC is a debt collector under the FDCPA in that it was also hired to collect on the

10  subject obligation.

11    48.    In December 2007 the global real estate calamity and media revelations of

12  fraudulent and deceptive loan practices by multiple lender set plaintiffs on a path of inquiry to

13  learn if they had been defrauded.

14    49.    In December 2007, plaintiffs wrote to ASC, MERS and NDex West, under the

15  Fair Debt Collection Practices Act and requested debt validation in writing.

16    50.    ASC responded on January 11, 2009, that it had received the Plaintiffs request and

17  informed Plaintiffs that "we have begun researching your concern and should have a detailed

18  answer for you within 20 business days. We will contact you at that time, either by phone or by

19  letter."

20    51.    MERS never responded.

21    52.    NDEX West never responded.

22    53.    Plaintiffs continued to receive miscellaneous correspondence from ASC on

23  January 14, August 10, August 17, September 9, September 15, September 16, September 23,

24  September 24, September 25, October 02, October 3, October 9, October 13, November 12,

25  November 21 and December 15 of 2008.

26    54.    Not once did ASC respond to Plaintiffs' inquiries of December 2007 as it

27  promised, and never did it say it would not respond to Plaintiff's inquiries.

28    55.    Plaintiffs continued to reasonably believe that because of the mortgage meltdown,

1 ASC was slow in responding to their inquires. However, instead of a response, in early 2009
2 Plaintiffs received a Notice of Default.

3        56.        The December 23, 2008, filing of notice of default further constituted a deceptive
4 and misleading act to collect a debt in that materially misstated that it was being brought forth by
5 beneficiary of the note, when in fact it was not.

6        57.        Plaintiffs concluded that ASC could not be trusted to provide honest information
7 about their loan, so plaintiffs commenced independent inquiry by retaining Loan Fraud
8 Investigations of Antioch, California in March 2009 to review and analyze their loan documents.

9        58.        Plaintiffs received the audit results in mid April 2009 which conclusively
10 demonstrated contained numerous misrepresentations.

11       59.        Plaintiffs then sought out an attorney who could help them. Plaintiffs were
12 advised to file bankruptcy, after which the attorney abandoned Plaintiffs, resulting in the
13 dismissal of the bankruptcy.

14       60.        Plaintiffs retained their present counsel in September 2009.

15       61.        The instant complaint was filed in El Dorado County Superior Court 12/14/2009
16 and subsequently removed by Defendants to Federal Court.

17       62.        Plaintiffs were not able to discover the violations by ASC, NDEX West, and
18 MERS prior to April, 2009, because they reasonably relied on ASC's inferences that responses to
19 their inquires were forthcoming.

20       63.        Thus the one-year statute for filing a claim under the FDCPA was tolled from
21 September 2005 to April 2009.

22       64.        Further, the disclosures required under TILA to be given by the lender have never
23 been provided, only pretender-lenders have provided information, albeit erroneous, by the lender
24 to plaintiffs.

25       65.        The broker but not the lender provided plaintiff with the Good Faith Estimate,
26 dated August 22, 2005.

27       66.        Thus the statute of limitations has not yet run on that TILA violation.

28

1          FIRST CAUSE OF ACTION

2          RESPA

3          (Against All Defendants and DOES 1-10,000)

4          67.     Plaintiff fully incorporates herein by reference all paragraphs heretofore set forth

5   in this complaint.

6          68.     Defendants violated the Real Estate Settlement Procedures Act ("RESPA") as set

7   forth above proximately resulting in harm suffered by plaintiff, including failing to disclose

8   approximately $7,500 in fees paid to the broker for putting the Plaintiffs in a more expensive

9   loan product than they qualified for..

10         69.     Defendants committed the acts herein alleged maliciously and oppressively, and

11  in conscious disregard of plaintiff's rights and welfare, and Plaintiffs are thus entitled to recover

12  punitive damages from defendants in an amount according to proof at trial.

13         WHEREFORE, plaintiff prays judgment against defendants as set forth hereinbelow.

14         SECOND CAUSE OF ACTION

15         TRUTH IN LENDING ACT

16         (Against All Defendants and DOES 1-10,000)

17         70.     Plaintiff fully incorporates herein by reference all paragraphs heretofore set forth

18  in this complaint.

19         71.     Defendants violated the Truth in Lending Act ("TILA"), as set forth above,

20  proximately resulting in harm suffered by plaintiff, including misrepresenting lending costs by

21  more than $200.

22         72.     Defendants committed the acts herein alleged maliciously and oppressively, and

23  in conscious disregard of plaintiff's rights and welfare, and Plaintiffs are entitled to recover

24  punitive damages from defendants in an amount according to proof at trial.

25         WHEREFORE, plaintiff prays judgment against defendants as set forth hereinbelow.

26  FOURTH CAUSE OF ACTION

27         VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

28         (Against All Defendants and DOES 1-10,000)

1    73.    Plaintiffs incorporate by reference all other paragraph of this Complaint as if fully
2  set forth here and further alleges as follows.

3    74.    Defendants were at all times herein a debt collector within the meaning of the
4  FDCPA.

5    75.    Defendants were at all times hereto a debt collector within the meaning of the
6  FDCPA.

7    76.    In violation of the FDCPA, defendants' debt collection letters did not comport
8  with the mandate that a debt collector must send a notice to the consumer which advises
9  consumers of their federal rights to dispute a debt, request verification of a debt, or obtain
10  certain information about the creditor within 30 days of an initial communication from a debt-
11  collector.

12    77.    Defendant's validation notices, to the extent incorporated into its dunning letters,
13  were not effectively communicated, and were overshadowed, confounded or diluted as seen from
14  the perspective of the least sophisticated consumer, which defendants' letters did by the un fair
15  and deceptive statements in its contents.

16    78.    Defendants were engaged in the use of an instrumentality of interstate commerce
17  or the mails in a business the principal purpose of which was the collection or attempted
18  collection of consumers debts owed or due or asserted to be owed.

19    79.    Defendants violated the FDCPA by mailing debt collection letters which created a
20  false sense of urgency and misrepresented the importance, cost, purpose and urgency of the
21  communication in violation of 15 U.S.C. §§1692e.

22    80.    Defendants imposed and/or collected service charge s in the of course of
23  collection debts from Plaintiff, even though such amounts were not expressly authorized by the
24  mortgage contracts with plaintiff, or otherwise permitted by California law, in violation of 15
25  U.S.C. 1692f(1).

26    81.    Defendants were engaged in the use of an instrumentality o f interstate commerce
27  or the mails in a business the principal purpose of which was the collection or attempted
28  collection of consumers debts owed or due or asserted to be owed.

1    82.    In direct violation of the debt collection statute, some form collection letters from

2    defendants to plaintiff stated the unpaid principal balance of the loan, but added that this amount

3    did not include accrued but unpaid interest, unpaid late charges, esc row advances or other

4    charges. Plaintiff was then advised to call defendants for further information on their debt,

5    thereby failing to disclose the amount of the debt.

6    83.    Notwithstanding the standard debt validation notice on the reverse side of its

7    communication, defendant violated the FDCPA, §1692(a)(4), by contradicting or confusing the

8    letter's statutorily required language clearly, thereby making plaintiff uncertain as to what the

9    mixed message meant in actuality.

10    84.    Notwithstanding the standard debt validation notice on the reverse side of its

11    communication, defendants violated the FDCPA, §1692g(b) by failing to cease collection efforts

12    during the statutory verification period.

13    85.    Defendants' debt collection communications to plaintiffs were intentionally

14    frightening, and contained false threats and misrepresentations of fact.

15    86.    These debt collection communications were made to plaintiff within one year of

16    the filing of this lawsuit.

17    WHEREFORE, plaintiffs pray judgment against defendants as set forth hereinbelow.

18    WHEREFORE, Plaintiffs having set forth the claims for relief against Defendants,

19    respectfully pray that this Court grant the following relief against the Defendants:

20    (1)    For all compensatory, economic and money damages, past, present and future, in

21    an amount to fully compensate plaintiff according to proof;

22    (2)    For punitive and exemplary damages, as appropriate, according to proof;

23    (3)    For attorneys' fees and costs, as appropriate, according to proof;

24    (4)    For incidental and/or consequential damages, as appropriate, according to proof;

25    (5)    For all interest, including prejudgment and postjudgment interest;

26    (6)    For all applicable statutory damages, as appropriate, according to proof;

27    (7)    For all applicable special damages, as appropriate, according to proof;

28    (8)    For appropriate equitable relief such as rescission and/or disgorgement;

1   (9)   For all applicable general damages, including emotional and mental distress, past,

2         present, and future, according to proof.

3   DATED: May 24, 2010.

4                                 BOTTOMLINE LAWYERS

5

6

7                    By:    /s/ RICHARD A. HALL
                            RICHARD A. HALL
8                           Attorneys for Plaintiffs

9                          **DEMAND FOR JURY TRIAL**

10        Plaintiffs hereby demand a jury trial on all causes of action.

11  Dated: September 30, 2010.
                                 BOTTOMLINE LAWYERS
12

13

14                   By:    /s/ RICHARD A. HALL
                            RICHARD A. HALL
15                          Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

# Exhibit 3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   EDWARD A. TREDER
       State Bar No. 116307
2   THOMAS K. AGAWA
       State Bar No. 175952
3   BARRETT DAFFIN FRAPPIER
4   TREDER & WEISS, LLP
    20955 Pathfinder Road, Suite 300
5   Diamond Bar, California 91765
       Tel: (626) 371-7032
6   Email: ThomasA@BDFGroup.com
7
    Attorneys for Defendant NDEX WEST, LLC
8

9              **UNITED STATES DISTRICT COURT**

10      **FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO**

11

12   DANIEL MAJOR EDSTROM, an          CASE NO.:  2:10-cv-00105 FCD KJM
     individual, and TERI ANNE EDSTROM,
13   an individual,                    **DEFENDANT NDEX WEST, LLC'S**
                                       **ANSWER TO PLAINTIFFS' 2ND**
14            Plaintiffs,              **AMENDED COMPLAINT**

15      v.                            Courtroom:  2
                                      Hon. Frank C. Damrell, Jr.
16   NDEX WEST, LLC, a Delaware limited   501 "I" Street, Sacramento, CA 95814
     liability company; AMERICA'S        T: (916) 930-4000 (General)
17   SERVICING COMPANY, an entity form
     unknown; MORTGAGE ELECTRONIC
18   REGISTRATION SYSTEMS (MERS); and
     DOES 1-10,000,
19
20            Defendants.

21

22          Defendant NDEX WEST, LLC, a Delaware limited liability company

23   ("Defendant"), for itself alone and for no other defendant, answers plaintiffs DANIEL

24   MAJOR EDSTROM's & TERI ANNE EDSTROM's, as individuals (collectively

25   "Plaintiffs") second amended complaint ("Complaint") as follows:

26

27

28

1

2

## I.

## **GENERAL DENIAL.**

Pursuant to Fed. R. Civ. P. 8(b) (3), Defendant, in good faith, generally denies each and every allegation of the Complaint, as it pertains to it, and denies generally and specifically that the Plaintiffs have been damaged in the sum or sums alleged, or in any other sum, or at all and/or are entitled to interfere with the lawfully conducted foreclosure, as a result of the acts and/or omissions of Defendant, as alleged in the 2nd Amended Complaint.

## II.

## **AFFIRMATIVE DEFENSES.**

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.      The causes of action alleged in the 2nd Amended Complaint are barred in whole, or in part, by Plaintiffs' failure to state facts sufficient to constitute a cause of action or causes of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

2.      By the exercise of reasonable efforts, Plaintiffs could have mitigated the amount of damages allegedly sustained by them, including, but not limited to, paying the amount of the loan when due and in a timely fashion and/or otherwise not defaulting under the terms of the loan agreements and deed of trust.

1

## THIRD AFFIRMATIVE DEFENSE

2

(Waiver/Estoppel)

3      3.      Plaintiffs is/are estopped, by his/her/their word, conduct and/or written

4  document, including but not limited to Plaintiffs' tacit acquiescence in the conduct and/or

5  omissions forming the crux of their claims against Defendant, by, including, but not limited

6  to, accepting the considerable benefits of the loan made to Plaintiffs and/or by continuing to

7  occupy the real property forming the security for the loan without adequate payment

8  therefore.

9

## FOURTH AFFIRMATIVE DEFENSE

10

(Laches)

11      4.      The causes of action alleged in the 2nd Amended Complaint are barred

12  in whole, or in part, by the doctrine of laches, particularly as Plaintiffs knew, or should have

13  known, of the salient misconduct constituting the foundation of his/her/their claims in or

14  about 2005, yet, for reasons unknown, Plaintiffs knowingly, deliberately and intentionally,

15  without reason rooted in conscience or logic, elected to take no action until years later, when

16  many of the events, percipient witnesses and evidence had dissipated like dust in the wind.

17

## FIFTH AFFIRMATIVE DEFENSE

18

(Set-off/Off-set)

19      5.      The causes of action alleged in the 2nd Amended Complaint are subject

20  to an offset of the aggregate of the outstanding amount due consisting of principal, interest

21  and late charges, including, but not limited to, all attorneys' fees incurred in this action by

22  the Defendants.

23

24

25

26

27

28

DEFENDANT NDEX WEST, LLC'S
ANSWER TO PLAINTIFFS' 2ND AMENDED COMPLAINT
CASE NO.: 2:10-cv-00105 FCD KJM

3

1

## SIXTH AFFIRMATIVE DEFENSE

2

(No Prejudice From Any Minor Procedural Defect)

3          6.      Plaintiffs' claims for equitable relief are barred in their entirety because

4    Plaintiffs suffered no prejudice for any minor procedural defect that may have occurred

5    during the foreclosure process.  Gross inadequacy of the sale price absent some procedural

6    regularity that contributed to such inadequacy or that otherwise caused prejudicial injury to

7    Plaintiffs is legally insufficient to set aside a completed non-judicial foreclosure sale of real

8    property.  Knapp v. Doherty, 123 Cal.App.4th 76, 20 Cal.Rptr.3d (Cal. Ct. App. 2004).

9

## SEVENTH AFFIRMATIVE DEFENSE

10

(Comparative Negligence)

11          7.      Plaintiffs failed to exercise ordinary care in his/her/their own behalf

12    with regard to the incident alleged in the 2nd Amended Complaint, in that, among other

13    things, Plaintiffs knew or should have known about the attendant risks associated with

14    incurring debt which he/she/they could not repay.

15          8.      Any injuries or damages sustained by Plaintiffs as a result of the

16    incidents referenced in the 2nd Amended Complaint were proximately caused by Plaintiffs'

17    own negligence.  Plaintiffs' recovery, if any, from this Defendant must be diminished in

18    proportion to the amount of negligence attributable to Plaintiffs.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

(Consent)

21          9.      Plaintiffs consented to and approved all of the acts and omissions about

22    which Plaintiffs now complain by, inter alia, executing the promissory note, loan agreement,

23    deed of trust and other documents and agreements related to the loan and expressly agreeing

24    to adherence to each term and condition contained therein.

25

26

27

28

DEFENDANT NDEX WEST, LLC'S
ANSWER TO PLAINTIFFS' 2ND AMENDED COMPLAINT
CASE NO.:  2:10-cv-00105 FCD KJM

4

1

## NINTH AFFIRMATIVE DEFENSE

2

### (In Pari Delicto)

3       10.     All parties herein (Defendant excluded), including the Plaintiffs, have

4  unclean hands, invoking this Court's equitable powers to dismiss this action and not aid the

5  parties to an illegal transaction because he/she/they are in pari delicto, and to leave the

6  parties where the Court finds them, to settle their differences without its aid.

7

## TENTH AFFIRMATIVE DEFENSE

8

### (Privileged)

9       11.     Defendant's actions in a nonjudicial foreclosure (i.e., the mailing,

10 publication, and delivery of statutory notices) and the execution of statutory nonjudicial

11 foreclosure procedures are privileged under the qualified, common-interest privilege of Cal.

12 Civ. Code § 47(c) (1).

13

## ELEVENTH AFFIRMATIVE DEFENSE

14

### (Failure To Tender)

15       12.     All claims are barred because Plaintiffs have failed to plead that

16 he/she/they tendered the undisputed amount. Since this relief is equitable in nature [Raedeke

17 vs. Gibraltar Savings & Loan Assoc., 10 Cal. 3d 665, 671 (Cal. 1974)], Plaintiffs must plead

18 that he/she/they either paid, or offered to pay, all undisputed sums due and owing as a

19 condition precedent to each claim or cause of action arising from or related to the foreclosure

20 sale. Karlsen vs. American Savings & Loan Assoc., 15 Cal. App.3d 112, 117 (Cal. Ct. App.

21 1971). "Equity will not interpose its remedial power in the accomplishment of what...

22 would be nothing but an idly and expensively futile act." Leonard vs. Bank of America

23 National Trust & Savings Assoc., 16 Cal. App. 2d 341, 344 (Cal. Ct. App. 1936).

24

25

26

27

28

DEFENDANT NDEX WEST, LLC'S
ANSWER TO PLAINTIFFS' 2ND AMENDED COMPLAINT
CASE NO.: 2:10-cv-00105 FCD KJM

5

1

## TWELFTH AFFIRMATIVE DEFENSE

2

(Reinstatement/Redemption Rights Foreclosed)

3       13.     Plaintiffs' claims for equitable relief are barred in their entirety because

4   Plaintiffs' statutory right to reinstate the delinquent mortgage loan and/or to redeem

5   his/her/their property have been foreclosed and extinguished under Cal. Civ. Code §§

6   2903-2906; Moeller vs. Lien, 25 Cal. App. 4th 822, 830 (Cal. Ct. App. 1994).  There is no

7   equitable right of redemption after completion of a non-judicial foreclosure sale.

8

## THIRTEENTH AFFIRMATIVE DEFENSE

9

(Compliance with Cal. Civ. Code § 2924 et seq.)

10       14.     Plaintiffs' claims against this answering Defendant are barred in their

11   entirety because the foreclosure proceedings were handled in accordance with the statutory

12   procedures and requirements prescribed by California Civil Code Section 2924 et seq.

13

## FOURTEENTH AFFIRMATIVE DEFENSE

14

(Statute of Limitations)

15       15.     Plaintiffs' claims against this answering Defendant are barred by the

16   applicable statutes of limitation, including, but not limited to Cal. Civ. Proc. Code §§ 338,

17   339, 343 and/or 15 U.S.C. § 1640(e); Pacific Shore Funding v. Lozo, 138 Cal. App. 4th 1342,

18   1355, 42 Cal. Rptr. 3d 283, 292 (Cal. Ct. App. 2006) (Truth-in-Lending Act) and/or other

19   applicable laws.

20

## FIFTEENTH AFFIRMATIVE DEFENSE

21

(Cal. Civ. Code § 2924l)

22       16.     Pursuant to Cal. Civ. Code § 2924l, defendant NDEx WEST, LLC

23   ("NDEx"), a Delaware corporation, served and filed its declaration of non-monetary status.

24   No objection was timely served within the 15-day objection period thereafter.  Plaintiff

25   alleges that Defendant is an agent of NDEx.  On that basis although NDEx is subject to the

26   jurisdiction of this Court, absent further court order, Defendant and NDEx are not subject to

27   damage claims or required to make further appearances including having to respond as a

28

1  party to discovery.

2  ## SIXTEENTH AFFIRMATIVE DEFENSE

3  (Reservation of Right)

4  17.  Defendant reserves the right to rely on any and all further affirmative

5  defenses that become available or appear during discovery proceedings in this action, and

6  Defendant reserves the right to amend this Answer for the purpose of asserting any such

7  additional affirmative defense.

8  ### III.

9  ### PRAYER FOR RELIEF.

10  WHEREFORE, Defendant prays for judgment against Plaintiffs on their 2nd

11  Amended Complaint as follows:

12  ## FOR ALL CAUSES OF ACTION

13  1.  That Plaintiffs take nothing by way of his/her/their 2nd Amended

14  Complaint and that this action be dismissed against Defendant with prejudice;

15  2.  For costs of suit incurred herein;

16  3.  For reasonable attorneys' fees; and,

17  For such other and further relief as the court deems just and proper.

18  Dated: October 6, 2010                BARRETT DAFFIN FRAPPIER
19                                        TREDER & WEISS, LLP

20  *Thomas K. Agawa*

21
22  By:
          EDWARD A. TREDER
          THOMAS K. AGAWA
23        Attorneys for Defendant NDEx WEST,
          LLC
24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

       I, Thomas K. Agawa, hereby certify that on October 6, 2010, a true and correct copy of

4

**DEFENDANT NDEX WEST, LLC'S ANSWER TO PLAINTIFFS' 2ND AMENDED COMPLAINT** was filed electronically and is available for viewing and downloading from the ECF system.

5

       Unless otherwise noted herein, the following parties are deemed to have consented to

6

electronic service of documents filed through the ECF system:

7

Plaintiffs' Lawyer
RICHARD A. HALL [SBN 135483]

8

BOTTOMLINE LAWYERS

9

985 Lincoln Way, Suite 206
Auburn, California 95601

10

Telephone: (530) 888-7100
Fax: (866) 305-1238

Attorneys for Defendant ASC & MERS
Christopher A. Carr, Esq.
Yaw-Jiun Gene Wu, Esq.
ANGLIN   FLEWELLING   RASMUSSEN
CAMPBELL AND TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101
T: (626) 535-1900
F: (626) 577-7764

11

12

13

Executed on October 6, 2010, at Diamond Bar, California.

14

I declare under penalty of perjury under the laws of the United States of California that the above is true and

15

correct.

16

*Thomas K. Agawa*

17

              Thomas K. Agawa, Esq.

18

19

20

21

22

23

24

25

26

27

28

1   EDWARD A. TREDER
        State Bar No. 116307
2   THOMAS K. AGAWA
        State Bar No. 175952
3   BARRETT DAFFIN FRAPPIER
        TREDER & WEISS, LLP
4   20955 Pathfinder Road, Suite 300
    Diamond Bar, California 91765
5       Tel:  (626) 371-7032
6   Email: ThomasA@BDFGroup.com
7   Attorneys for Defendant NDEX WEST, LLC
8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO**

11

12  DANIEL MAJOR EDSTROM, an          CASE NO.:  2:10-cv-00105 FCD KJM
    individual, and TERI ANNE EDSTROM,
13  an individual,                    **DEFENDANT NDEX WEST, LLC'S**
                                      **DISCLOSURE STATEMENT**
14            Plaintiffs,             **PURSUANT TO FED. R. CIV. P. 7.1**

15        v.                          Courtroom:  2
                                      Hon. Frank C. Damrell, Jr.
16  NDEX WEST, LLC, a Delaware limited  501 "I" Street, Sacramento, CA 95814
    liability company; AMERICA'S      T: (916) 930-4000 (General)
17  SERVICING COMPANY, an entity form
    unknown; MORTGAGE ELECTRONIC
18  REGISTRATION SYSTEMS (MERS); and
    DOES 1-10,000,
19
              Defendants.
20

21
22
23
24
25
26
27
28

## DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1

TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO ALL INTERESTED PARTIES PURSUANT TO FED. R. CIV. P. 7.1 HEREIN:

The undersigned, counsel of record for defendant NDEx WEST, LLC, a Delaware limited liability company ("Defendant") certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal:

Defendant & Affiliated Non-Party Entities:

1.    National Default Exchange Holdings, LP, a Delaware limited partnership.

2.    Dolan Media Company, a Delaware corporation.


Counsel for Defendant:
3.    EDWARD A. TREDER
State Bar No. 116307
THOMAS K. AGAWA
State Bar No. 175952
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
Tel:  (626) 371-7032
Email: ThomasA@BDFGroup.com

\\\

1       Other Defendants

2           4.    WELLS FARGO BANK, N.A. doing business as AMERICA'S

3 SERVICING COMPANY,

4           5.   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

5

6       Plaintiffs

7           6.    DANIEL MAJOR EDSTROM

8           7.    TERI ANNE EDSTROM

9

10      Lawyer for Plaintiffs
RICHARD A. HALL [SBN 135483]
BOTTOMLINE LAWYERS
985 Lincoln Way, Suite 206
Auburn, California 95601
Telephone: (530) 888-7100
Fax: (866) 305-1238.

Dated: October 6, 2010          BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

*Thomas K. Agawa*

By:
    EDWARD A. TREDER
    THOMAS K. AGAWA
    Attorneys for Defendant NDEx WEST, LLC

1

## CERTIFICATE OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I, Thomas K. Agawa, hereby certify that on October 6, 2010, a true and correct copy of **DEFENDANT NDEX WEST, LLC'S DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1** was filed electronically and is available for viewing and downloading from the ECF system.

5

6

Unless otherwise noted herein, the following parties are deemed to have consented to electronic service of documents filed through the ECF system:

7

8

9

10

11

Plaintiffs' Lawyer
RICHARD A. HALL [SBN 135483]
BOTTOMLINE LAWYERS
985 Lincoln Way, Suite 206
Auburn, California 95601
Telephone: (530) 888-7100
Fax: (866) 305-1238

Attorneys for Defendant ASC & MERS
Christopher A. Carr, Esq.
Yaw-Jiun Gene Wu, Esq.
ANGLIN        FLEWELLING        RASMUSSEN
CAMPBELL AND TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101
T: (626) 535-1900
F: (626) 577-7764

12

13

Executed on October 6, 2010, at Diamond Bar, California.

14

15

I declare under penalty of perjury under the laws of the United States of California that the above is true and correct.

16

17

Thomas K. Agawa, Esq.

18

19

20

21

22

23

24

25

26

27

28

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
Daniel Major Edstrom and Teri Anne Edstrom

**DEFENDANTS**
NDeX West, LLC, LLC, America's Servicing Company, Mortgage Electronic Registration Systems (MERS); and DOES 1-10,000

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Richard A. Hall (SBN 135483)
Don L. Pool (SBN 126152)
David A. Pereira (Cert. Student Attorney #27093)
Bonnieline Lawyers
985 Lincoln Way, Suite 206
Auburn, California 95603
Tel: (530) 888-7100 | Fax: (866) 305-1238

**ATTORNEYS** (If Known)
Edward A. Treder (SBN 116307)
Thomas K. Agawa (SBN 175952)
Barrett Duffin Frappier Treder & Weiss, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
Tel: (626) 371-7032 | Email: ThomasA@BDFGroup.com

**PARTY** (Check One Box Only)

[✓] Debtor  [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor  [ ] Trustee  [ ] Other

**PARTY** (Check One Box Only)

[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor  [ ] Trustee  [✓] Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

28 USC §1452; 11 USC §362(a); 12 USC §2601 et seq; 12 CFR Part 226 et seq; 15 USC §1692 et seq;

**NATURE OF SUIT**

(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 - Recovery of money/property - § 542 turnover of property
[ ] 12 - Recovery of money/property - § 547 preference
[ ] 13 - Recovery of money/property - § 548 fraudulent transfer
[ ] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 - Approval of sale of property of estate and of a co-owner – § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 - Objection/revocation of discharge – § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[ ] 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
[ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 - Dischargeability - § 523(a)(5), domestic support
[ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 - Dischargeability - § 523(a)(8), student loan
[ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71 - Injunctive relief - imposition of stay
[ ] 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[ ] 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[1] 01 - Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq.
[2] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law

[✓] Check if a jury trial is demanded in complaint

[ ] Check if this is asserted to be a class action under FRCP 23

Demand $

Other Relief Sought

2-02555-B
COVER SHEET
PLAINTIFF: DANIEL EDSTROM
DEFENDANT: NDEX WEST, LLC
JUDGE HOLMAN
RELATED CASE: 12-25553

FILED 09/05/12 08:32 AM

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION                m9as

2012-02555

B104 (FORM 104) (8/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Daniel Major Edstrom | | BANKRUPTCY CASE NO.<br>**12-29353-B-11** |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of California | DIVISION OFFICE<br>Sacramento | NAME OF JUDGE<br>Thomas Holman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Daniel Major Edstrom and Teri Anne Edstrom | DEFENDANT<br>NDeX West, LLC, et al | ADVERSARY PROCEEDING NO.<br>**12-02546-B** |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Eastern District of California | DIVISION OFFICE<br>Sacramento Division | NAME OF JUDGE<br>Thomas Holman |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Daniel Eben*          *Teri Edstrom* | | |
| DATE<br>9-4-2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Daniel Edstrom, Teri Edstrom | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.**   Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**   Give the names and addresses of the attorneys, if known.

**Party.**   Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**   Enter the dollar amount being demanded in the complaint.

**Signature.**   This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Auburn, California; my business address is 935 Lincoln Way, #303, Auburn, California 95603.

On the date below, I served a copy of the following document(s):
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.A. §1452;**
**ADVERSARY PROCEEDING COVER SHEET;**  on all interested parties in said case addressed as follows:

### Served by Fedex Overnight:

### Attorneys for Daniel Major Edstrom and Teri Anne Edstrom

Richard A. Hall (SBN 135483)
Dee L. Paull (SBN 126152)
David A. Pereira (Cert. Student Attorney #27093)
BottomLine Lawyers
985 Lincoln Way, Suite 206
Auburn, California 95603
Tel: (530) 888-7100                  Facsimile: (866) 305-1238

### Attorneys for NDeX West, LLC

Edward Treder and Thomas Agawa
Barrett Daffin Frappier Treder and Weiss, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
Tel: (626) 371-7032                  Email: ThomasA@BDFGroup.com

### Attorneys for MERS, ASC,  and Wells Fargo Bank

Christopher A. Carr, Esq. & Kenneth A. Franklin, Esq.
ANGLIN FLEWELLING RASUMSSEN CAMPBELL AND TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-2459

☐      **BY MAIL**: By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Auburn, California, in sealed envelopes with postage fully thereon.

☒      **BY FEDEX OVERNIGHT**: I served the parties above with the envelope for FEDEX following ordinary business practices. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with FEDEX. Under that practice it would be deposited with FEDEX on that same day fully prepaid at Auburn, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in Auburn, California, on **September 5, 2012**.

James Macklin
(Print name)                                          (Signature)

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Auburn, California; my business address is 935 Lincoln Way, #303, Auburn, California 95603.

On the date below, I served a copy of the following document(s):
**NOTICE TO FEDERAL DISTRICT COURT OF REMOVAL OF ACTION TO FEDERAL BANKRUPTCY COURT; ADVERSARY PROCEEDING COVER SHEET;**

on all interested parties in said case addressed as follows:

**Served by Fedex Overnight:**

**Attorneys for Daniel Major Edstrom and Teri Anne Edstrom**

Richard A. Hall (SBN 135483)
Dee L. Paull (SBN 126152)
David A. Pereira (Cert. Student Attorney #27093)
BottomLine Lawyers
985 Lincoln Way, Suite 206
Auburn, California 95603

Tel: (530) 888-7100                    Facsimile: (866) 305-1238

**Attorneys for NDeX West, LLC**
Edward Treder and Thomas Agawa
Barrett Daffin Frappier Treder and Weiss, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765

Tel: (626) 371-7032                    Email: ThomasA@BDFGroup.com

**Attorneys for MERS, ASC, and Wells Fargo Bank**

Christopher A. Carr, Esq. & Kenneth A. Franklin, Esq.
ANGLIN FLEWELLING RASUMSSEN CAMPBELL AND TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-2459

☐      **BY MAIL**: By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Auburn, California, in sealed envelopes with postage fully thereon.

☒ **BY FEDEX OVERNIGHT**: I served the parties above with the envelope for FEDEX following ordinary business practices. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with FEDEX. Under that practice it would be deposited with FEDEX on that same day fully prepaid at Auburn, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in Auburn, California, on **September 5, 2012**.

James Macklin
(Print name)

(Signature)