UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL MAJOR EDSTROM; et al.,

        Plaintiffs,                              No. CIV S-10-0105 KJM-CKD

    vs.

NDEX WEST, LLC,                               <u>ORDER</u>

        Defendant.

_____ /

        This matter comes before the court on plaintiffs' request for dismissal of the above-captioned action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2). The court has decided this matter without a hearing. For the following reasons, plaintiffs' request is granted.

I.   <u>PROCEDURAL BACKGROUND</u>

        Plaintiffs filed their complaint in El Dorado County Superior Court on December 14, 2009. (Not. of Removal at 4, ECF 1.) Defendant America's Servicing Company removed the matter to this court on January 13, 2010, citing federal question jurisdiction. (*Id.* at 2, ¶ 4.) Plaintiffs filed a first amended complaint on June 8, 2010. (ECF 15.) Defendants America's

1 Servicing Company and Mortgage Electronic Registration Systems, Inc. filed a motion to

2 dismiss for failure to state a claim on July 9, 2010 (ECF 23), which was granted on October 18,

3 2010 (ECF 40). Plaintiffs filed a motion for leave to amend on September 24, 2010 (ECF 27)

4 and their proposed second amended complaint on September 30, 2010 (ECF 33).[1] Although the

5 second amended complaint did not become the operative complaint until the then-assigned

6 district judge granted plaintiffs' motion to amend on November 23, 2010 (ECF 45), defendant

7 NDEX West, LLC filed an answer thereto on October 6, 2010 (ECF 38). On August 15, 2011,

8 plaintiffs filed a defective notice of voluntary dismissal (ECF 53); plaintiffs were notified their

9 notice was defective and stricken by minute order on August 18, 2011 (ECF 56). Defendant

10 filed a motion for summary judgment on May 30, 2012 (ECF 58), which the court set to be heard

11 on August 24, 2012 (ECF 61). Although an opposition or statement of non-opposition must have

12 been filed by August 10, 2012, Local Rule 230(c), no opposition or statement of non-opposition

13 has been filed.

14 Plaintiffs filed the present request for dismissal on July 6, 2012, (ECF 60), which

15 the court set to be heard on August 10, 2012 (ECF 61). Defendant filed its opposition on July

16 27, 2012. (ECF 62.) Plaintiff has not filed a reply.

17 II.   ANALYSIS

18 Plaintiffs request that the court dismiss the above-captioned matter without

19 prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2). (Request, ECF 60-1.)

20 Plaintiffs contend their intent since filing their notice of voluntary dismissal on August 15, 2011

21 has been to dismiss this case and that plaintiffs have "relieved this counsel of all duties related to

---

[1] Counsel stipulated, on the same day the motion to amend was filed, to allow plaintiffs additional time to file their second amended complaint as a delayed attachment to their motion to amend. (ECF 28.) The court notes that the then-assigned district judge did not adopt parties' stipulation, and did not grant plaintiffs additional time to file the proposed second amended complaint.

1  this case and any other case they may have and have given counsel instruction to dismiss this

2  case."[2]  (ECF 60-1 at 1-2.)  Plaintiffs further contend they have unsuccessfully sought a

3  stipulation as to dismissal.  (*Id.* at 2.)  Plaintiffs apparently maintain that dismissal without

4  prejudice is appropriate because "[z]ero evidence is before the court for purposes of determining

5  a final judgment in the matter."  (*Id.*)

6        Defendant, which, as previously stated, filed a motion for summary judgment

7  prior to plaintiffs' filing of the present request, opposes plaintiffs' request.  (ECF 62.)  It

8  contends it has already started trial preparation and filed a motion for summary judgment,

9  plaintiffs have shown a lack of diligence and have not stated sufficient reasons for dismissal

10  without prejudice, and "[t]his is the third stop-the-foreclosure action filed by Plaintiffs and their

11  lawyer, Richard Alan Hall, who have engaged in a pattern of filing frivolous complaints,

12  dismissing them, only to re-file disparate actions in the Superior Court of California for the sole

13  purpose of delaying foreclosure and to interfere with disposition of the underlying property."

14  (*Id.* at 1.)  If the court is inclined to grant plaintiffs' request, defendant requests that the court

15  dismiss this matter with prejudice.  (*Id.*)

16        Rule 41(a)(2) states: "[A]n action may be dismissed at the plaintiff's request only

17  by a court order, on terms the court considers proper. . . . Unless the order states otherwise, a

18  dismissal under this paragraph . . . is without prejudice."  "When ruling on a motion to dismiss

19  without prejudice [in accordance with Federal Rule of Civil Procedure 41(a)(2)], the district

20  court must determine whether the defendant will suffer some plain legal prejudice as a result of

21

22

23

24      [2] Counsel did not file a notice of termination.

the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).[3] Legal prejudice is "prejudice to some interest, some legal claim, some legal argument." *Id.* at 97. Cases considering legal prejudice "focus on the rights and defenses available to a defendant in future litigation." *Id.* The Ninth Circuit has held that "'uncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice. [citation] Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citations omitted). The fact that "a defendant has begun trial preparations" is also not plain legal prejudice. *Anderson v. Asset Acceptance, LLC*, No. C 09-2970 MEJ, 2010 U.S. Dist. LEXIS 50975, at *9 (N.D. Cal. Apr. 29, 2010) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). "If a notice of summary judgment has been filed, the court can grant a dismissal at its discretion." *Terrovona*, 852 F.2d at 429. "A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain

---

[3] The standard articulated by defendant is, for the most part, not applicable here. The court notes that at least two other courts in this district have stated "'factors to consider in determining legal prejudice are (1) The defendant's effort and expense involved in preparing for trial; (2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) Insufficient explanation for the need to take a dismissal; and (4) The fact that summary judgment has been filed by the defendant.'" *J&J Sports Prods. v. Morales*, No. 1:10-cv-01694-AWI-GSA, 2012 U.S. Dist. LEXIS 44179, at *4 (E.D. Cal. Mar. 29, 2012) (quoting *U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987))). However, the Ninth Circuit made clear in *Westlands Water District* that district courts are to primarily consider whether the defendant will suffer "some plain legal prejudice" and reiterated that "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 96-98. Moreover, there is no requirement in this Circuit that a plaintiff explain its reasons for seeking dismissal; rather, it is the defendant's burden to show that it will suffer plain legal prejudice in opposing a plaintiff's voluntary dismissal. *See WPP Lux. Gamma Three Sari v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011). The court does consider whether plaintiffs "were dilatory in prosecuting the case and seeking a dismissal," *Westlands Water Dist.*, 100 F.3d at 97, and that defendant has filed a motion for summary judgment, *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

adverse ruling." *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 Fed. Appx. 664, 666 (9th Cir. Nov. 3, 2008) (citing *Terrovona*, 424 F.2d at 429)).

Here, defendant has failed to show it will suffer "plain legal prejudice" as a result of dismissal. The fact that a voluntary dismissal will moot defendant's motion for summary judgment in itself is not legal prejudice. *See Terrovona*, 852 F.2d at 429 (finding district court did not abuse its discretion in denying petitioner's request for dismissal without prejudice where magistrate judge had already issued report and recommendations on defendant's motion for summary judgment); *Helio, LLC v. Palm, Inc.*, No. C 06-7754, 2007 U.S. Dist. LEXIS 29422, at *5-6 (N.D. Cal. Apr. 9, 2007) (voluntary dismissal inappropriate where "the sole reason for the plaintiff's request for dismissal is apprehension regarding a possible adverse ruling on a pending . . . dispositive motion"). Although plaintiffs have failed to file an opposition to defendant's motion for summary judgment, there is no indication that plaintiffs are seeking dismissal at this stage in the litigation in order to avoid an adverse ruling; on the contrary, it is clear that plaintiffs sought to dismiss this matter over one year ago and apparently were under the mistaken impression that this matter had indeed been dismissed. (ECF 53; Agawa Decl. ¶ 5, Ex. 1, ECF 62-1.) The court does not hold the mistakes of plaintiffs' counsel, whom plaintiffs have since terminated, against plaintiffs.[4]

It is within the court's discretion whether to grant a request for voluntary dismissal with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002); *Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 Fed. Appx. 671, 672-73 (9th Cir. May 19, 2010). As defendant has failed to show it will suffer plain legal prejudice, plaintiffs' request for voluntary dismissal without prejudice is granted.

/////

---

[4] For these reasons, the court finds that plaintiffs' late filing of this request for voluntary dismissal was not dilatory.

III.     CONCLUSION

   For the foregoing reasons, plaintiffs' request is granted and this matter is dismissed without prejudice.  Defendant's motion for summary judgment (ECF 58) is denied as moot and the hearing on said motion is vacated.  This case is closed.

   IT IS SO ORDERED.

DATED: September 14, 2012.

_____
UNITED STATES DISTRICT JUDGE